**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PALMAZ SCIENTIFIC, INC. | § | Case No. 16-50552 |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| ADVANCED BIO PROSTHETIC SURFACES, LTD. | § | Case No. 16-50555 |
| | § | Chapter 11 |
| Debtor. | § | |
| | § | |
| ABPS MANAGEMENT, LLC | § | |
| | § | Case No. 16-50556 |
| Debtor. | § | Chapter 11 |
| | § | |
| ABPS VENTURE ONE, LTD. | § | |
| | § | Case No. 16-5-554 |
| Debtor. | § | Chapter 11 |
| | § | |
| | § | (Jointly Administered under 16-50552) |
| ADVANCED BIO PROSTHETIC SURFACES, LTD; | § | |
| ABPS VENTURE ONE, LTD; ABPS | § | |
| MANAGEMENT, LLC; PALMAZ SCIENTIFIC, INC.; | § | |
| AND DR. JULIO PALMAZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, L.L.P.; | § | Adversary Proceeding No. _____ |
| BAKER BOTTS, L.L.P.; AND CECIL SCHENKER, | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |

**NOTICE OF REMOVAL OF DEFENDANTS AKIN GUMP, STRAUSS, HAUER &**
**FELD, L.L.P. AND CECIL SCHENKER**

PLEASE TAKE NOTICE that, under 28 U.S.C. § 1452, Federal Rule of Bankruptcy Procedure 9027 and Local Rule of Bankruptcy Procedure 9027, Defendants Akin Gump Strauss Hauer & Feld, L.L.P. and Cecil Schenker ("Defendants") remove to this Bankruptcy Court the state-court action described in paragraph 1 below.

## THE REMOVED ACTION

1.      The removed action is a civil case filed on or about October 23, 2014, styled *Advanced Bio Prosthetic Surfaces, Ltd., et al. v. Akin Gump Strauss Hauer & Feld, L.L.P., et al.*, No. 2014-CI-16776, in the 225th Judicial District Court, Bexar County, Texas (the "Removed Action"). In the Removed Action, a jury demand was made and the jury fee was paid.

## REMOVAL IS TIMELY

2.      On March 4, 2016, Plaintiffs Advanced Bio Prosthetic Surfaces, Ltd., ABPS Venture One, Ltd., ABPS Management, LLC and Palmaz Scientific, Inc. ("Debtor Plaintiffs") filed voluntary Chapter 11 bankruptcy petitions in this Court. Removal is timely under 28 U.S.C. § 1446 and under Federal Rule of Bankruptcy Procedure 9027(a)(2).

## JURISDICTION EXISTS

3.      The District Court has original jurisdiction of the claims and causes of action in the Removed Action under 28 U.S.C. § 1334 because the Removed Action is "related to" four bankruptcy cases filed under Title 11 of the United States Code, specifically: (1) *In re Palmaz Scientific, Inc.*, No. 16-50552-cag, United States Bankruptcy Court for the Western District of Texas, San Antonio Division; (2) *In re Advanced Bio Prosthetic Surfaces, Ltd.*, No. 16-50555-cag, United States Bankruptcy Court for the Western District of Texas, San Antonio Division; (3) *In re ABPS Management, LLC*, No. 16-50556-cag, United States Bankruptcy Court for the Western District of Texas, San Antonio Division; and (4) *In re ABPS Venture One, Ltd.*, No. 16-

50554-cag, United States Bankruptcy Court for the Western District of Texas, San Antonio Division. The Removed Action thus may be removed under 28 U.S.C. § 1452. Under Local Rule of Bankruptcy Procedure 9027, this Notice of Removal is properly filed directly with this Bankruptcy Court. *See* Local Rule of Bankruptcy Procedure 9027 (stating "[a] notice of removal pursuant to 28 U.S.C. § 1452(a) shall be filed with the Clerk of the Bankruptcy Court. A notice of removal grounded on any other federal provision (e.g., diversity of citizenship) shall be filed with the Clerk of the District Court.").

4.    As required by Federal Rule of Bankruptcy Procedure 9027(a), Defendants state that this matter is non-core and that they do not consent to the entry of final orders or judgments by this Bankruptcy Court

## DOCUMENTS FROM REMOVED ACTION

5.    As required by Federal Rule of Bankruptcy Procedure 9027, and Local Rule of Bankruptcy Procedure 9027, Defendants include the following (1) a copy of the docket sheet in the state court action, attached as **Exhibit A**; and (2) an index of all documents, which clearly identifies each document and indicates the date the document was filed in state court, as well as each document filed in the state court action, except discovery material (if any), arranged in chronological order according to the state court file date, attached as **Exhibit B**.

## FILING OF REMOVAL PAPERS

6.    Under Federal Rule of Bankruptcy Procedure 9027(b) and (c) and Local Rule of Bankruptcy Procedure 9027, written notice of the removal of this action has been given simultaneously to all parties to the Removed Action, and a Notice to the State Court of Filing Notice of Removal is simultaneously being filed with the 225th Judicial District Court, Bexar County, Texas.

WHEREFORE, Defendants Akin Gump Strauss Hauer & Feld, L.L.P. and Cecil Schenker remove the above-captioned action from the 225th Judicial District Court, Bexar County, Texas, to this Court.

Respectfully submitted,

*/s/ Paul E. Heath*
Paul E. Heath
  State Bar No. 09355050
  pheath@velaw.com
George M. Kryder
  State Bar No. 11742900
  gkryder@velaw.com
Matthew W. Moran
  State Bar No. 24002642
  mmoran@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
Tel. 214-220-7700
Fax. 214-999-7715

*Attorneys for Defendants Akin Gump Strauss Hauer & Feld, L.L.P. and Cecil Schenker*

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served upon counsel of record on April 4, 2016, through this court's ECF case management system.

Andy Taylor
  ataylor@andytaylorlaw.com
Amanda Peterson
  apeterson@andytaylorlaw.com
ANDY TAYLOR & ASSOCIATES, P.C.
2668 Highway 36S, #288
Brenham, TX 77833

Jason M. Davis
  jdavis@dslawpc.com
Caroline Newman Small
  csmall@dslawpc.com
DAVIS & SANTOS
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX 78205

Ricardo R. Reyna
  rreyna@bpgrlaw.com
Joshua L. Nicholls
  jnicholls@bpgrlaw.com
David E. Irwin
  dirwin@bpgrlaw.com
BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, TX 78247

Stephen E. McConnico
  smcconnico@scottdoug.com
Sam Johnson
  sjohnson@scottdoug.com
SCOTT DOUGLASS & MCCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, TX 78701

_/s/ Paul E. Heath_

US 4123795

# Exhibit A



# Bexar County

### District Clerk/County Clerk Search

## Full Case Information

## Case Summary

### Case Information for Cause #: 2014CI16776

**ADVANCED BIO PROSTHETIC SURFACES LTD ETAL vs AKIN GUMP STRAUSS HAUER & FELD LLP ETAL**

| | |
|---|---|
| **Cause No. :** | 2014CI16776 |
| **Name :** | |
| **Business Name :** | PALMAZ SCIENTIFIC INC |
| **Litigant Type :** | PLAINTIFF |
| **Date Filed :** | 10/23/2014 |
| **Docket Type :** | OTHER CIVIL CASES |
| **Case Status :** | PENDING |
| **Court :** | 225 |

*Information as of: 04/01/2016 10:19:34 AM*

# Case History

*Currently viewing 1 through 20 of 22 records.*

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 10/23/2014 | PETITION |
| P00002 | 10/23/2014 | SERVICE ASSIGNED TO CLERK 2 |
| P00003 | 10/23/2014 | CIVIL CASE INFORMATION SHEET |
| S00001 | 10/23/2014 | CITATION<br>AKIN GUMP STRAUSS HAUER & FELD LLP<br>ISSUED: 10/23/2014 RECEIVED: 10/28/2014<br>EXECUTED: 10/29/2014 RETURNED: 11/3/2014 |
| S00002 | 10/23/2014 | CITATION<br>BAKER BOTTS LLP<br>ISSUED: 10/23/2014 RECEIVED: 10/31/2014<br>EXECUTED: 11/5/2014 RETURNED: 11/17/2014 |
| S00003 | 10/23/2014 | CITATION<br>CECIL SCHENKER<br>ISSUED: 10/23/2014 RECEIVED: 10/28/2014<br>EXECUTED: 10/29/2014 RETURNED: 11/3/2014 |
| P00004 | 11/26/2014 | ORIGINAL ANSWER OF<br>BAKER BOTTS LLP |
| P00005 | 11/26/2014 | JURY DEMAND JURY FEE PAID |
| P00006 | 12/22/2014 | NOTICE<br>OF FILING RULE 11 AGREEMENT |
| P00007 | 12/29/2014 | ORIGINAL ANSWER OF<br>AKIN GUMP STRAUSS HAUER & FELD LLP AND<br>CECIL SCHENKER |
| P00008 | 1/26/2015 | RULE 11 AGREEMENT |
| P00009 | 2/12/2015 | RULE 11 AGREEMENT |
| P00010 | 2/23/2015 | CHANGE OF ADDRESS FILED FOR<br>SCOTT DOUGLASS & MCCONNICO LLP |
| P00011 | 3/30/2015 | RULE 11 AGREEMENT |
| P00012 | 4/22/2015 | RULE 11 AGREEMENT |
| P00013 | 5/11/2015 | MOTION TO WITHDRAW ATTORNEY |
| P00014 | 5/13/2015 | LETTER<br>TO STAFF ATTY (FWD TO DIST CLERK) FROM:<br>JAMES GEORGE JR |
| O00001 | 5/13/2015 | |

| | | |
|---|---|---|
| | | ORDER TO WITHDRAW |
| | | R JAMES GEORGE JR, B RUSSELL HORTON, |
| | | JOHN R MCCONNELL |
| | | JUDGE: RICHARD E. PRICE |
| | | VOL: 4369 PAGE: 2588 PAGE COUNT: 4 |
| P00015 | 10/2/2015 | MOTION FOR |
| | | ENTRY OF AGREED PROTECTIVE ORDER (JOINT) |
| O00002 | 11/6/2015 | AGREED PROTECTIVE ORDER |
| | | JUDGE: MICHAEL E. MERY |
| | | VOL: 4463 PAGE: 1742 PAGE COUNT: 10 |

*Information as of: 04/01/2016 10:19:49 AM*



# Bexar County

## District Clerk/County Clerk Search

## Full Case Information

## Case Summary

### Case Information for Cause #: 2014CI16776

**ADVANCED BIO PROSTHETIC SURFACES LTD ETAL vs AKIN GUMP STRAUSS HAUER & FELD LLP ETAL**

| | |
|---|---|
| **Cause No. :** | 2014CI16776 |
| **Name :** | |
| **Business Name :** | PALMAZ SCIENTIFIC INC |
| **Litigant Type :** | PLAINTIFF |
| **Date Filed :** | 10/23/2014 |
| **Docket Type :** | OTHER CIVIL CASES |
| **Case Status :** | PENDING |
| **Court :** | 225 |

*Information as of: 04/01/2016 10:19:34 AM*

# Case History

*Currently viewing 21 through 22 of 22 records.*

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00016 | 3/7/2016 | MOTION TO SUBSTITUTE ATTORNEY |
| P00017 | 3/9/2016 | SUGGESTION OF BANKRUPTCY |

*Information as of: 04/01/2016 10:20:22 AM*

# Exhibit B

## Index of State Court Filings

| Tab | Date | Document |
|---|---|---|
| B-1 | October 23, 2014 | Original Petition |
| B-2 | October 23, 2014 | Civil Case Information Sheet |
| B-3 | October 23, 2014 | Citation to Akin Gump Strauss Hauer & Feld, LLP |
| B-4 | October 23, 2014 | Citation to Baker Botts, LLP |
| B-5 | October 23, 2014 | Citation to Cecil Schenker |
| B-6 | November 26, 2014 | Original Answer of Baker Botts, LLP |
| B-7 | November 26, 2014 | Demand for Jury |
| B-8 | December 22, 2014 | Notice of Filing of Rule 11 Agreement |
| B-9 | December 29, 2014 | Original Answer of Akin Gump Strauss Hauer & Feld, LLP and Cecil Schenker |
| B-10 | January 26, 2015 | Rule 11 Agreement |
| B-11 | February 12, 2015 | Rule 11 Agreement |
| B-12 | February 23, 2015 | Change of Address filed for Scott Douglass & McConnico LLP |
| B-13 | March 30, 2015 | Rule 11 Agreement |
| B-14 | April 22, 2015 | Rule 11 Agreement |
| B-15 | May 11, 2015 | Motion to Withdraw Attorney |
| B-16 | May 13, 2015 | Letter to Staff Attorney from James George Jr. |
| B-17 | May 13, 2015 | Order to Withdraw |
| B-18 | October 2, 2015 | Motion for Entry of Agreed Protective Order |
| B-19 | November 6, 2015 | Agreed Protective Order |
| B-20 | March 7, 2016 | Motion to Substitute Attorney |
| B-21 | March 9, 2016 | Suggestion of Bankruptcy |

# Tab B-1

Cause No. **2014CI16776**

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, | § | IN THE DISTRICT COURT OF |
| LTD.; ABPS VENTURE ONE, LTD.; | § | |
| ABPS MANAGEMENT, LLC; PALMAZ | § | |
| SCIENTIFIC, INC., | § | |
| and DR. JULIO PALMAZ, | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, | § | |
| L.L.P.; BAKER BOTTS, L.L.P.; | § | |
| and CECIL SCHENKER, | § | |
| | § | |
| Defendants. | § | **225TH** JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

TO THE HONORABLE COURT:

Plaintiffs Advanced Bio Prosthetic Surfaces, Ltd. ("**ABPS**"); ABPS Venture One, Ltd.

("**Venture One**"), ABPS Management, L.L.C. ("**ABPS Management**"), Palmaz Scientific, Inc.,

and Dr. Julio Palmaz (collectively "**Plaintiffs**"), file this Original Petition against Akin Gump

Strauss Hauer & Feld, L.L.P. ("**Akin Gump**"), Baker Botts, L.L.P. ("**Baker Botts**"), and Cecil

Schenker ("**Schenker**"), and would respectfully show:

### I. Discovery

1.     Plaintiffs intend that discovery be conducted under Level 3 and affirmatively

plead that they seek damages in excess of $50,000. *See* Tex. R. Civ. P. 190.1, 190.4.

### II. Parties

2.     ABPS and Venture One are both Texas limited partnerships, while ABPS

Management is a Texas limited liability company.  All three entities have done business in Texas

for many years.

3.      Palmaz Scientific, Inc. is a Delaware corporation with its principal place of business in Dallas, Texas.

4.      Dr. Julio Palmaz is a Nevada resident.

5.      Defendant Akin Gump is a Texas limited liability partnership whose principal office is located at 1111 Louisiana St., 44th Floor, Houston, Texas 77002-5200. Akin Gump may be served with process by serving Mr. Barry A. Chasnoff, Partner, Akin Gump Strauss Hauer & Feld, LLP, 300 Convent Street, San Antonio, Texas 78205.

6.      Defendant Baker Botts is a Texas limited liability partnership whose principal office is located at One Shell Plaza, 910 Louisiana, Houston, Texas 77002. Baker Botts may be served with process by serving Mr. George Lamb, Partner, Baker Botts, LLP, 2001 Ross Avenue, Dallas, Texas 75201.

7.      Defendant Cecil Schenker, a former partner at Akin Gump, is a Texas resident and may be served with process at his residence 802 E. El Prado Dr., San Antonio, Texas 78212.

### III.    Venue, Jurisdiction & Damages

8.      Venue is proper in this county pursuant to Texas Civil Practice & Remedies Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in this county.

9.      The Court has jurisdiction in this matter pursuant to Article V, Section 8, of the Texas Constitution and Tex. Gov't Code § 24.008. The amount of damages exceeds the jurisdictional minimum of this Court of $500, excluding interest. *See* Tex. Gov't Code § 24.007(b).

10.     Damages sought are over $1,000,000 in monetary relief and are within the jurisdictional limits of this Court. *See* Tex. R. Civ. P. 47(c)(4).

## IV.    Facts

11.    This is a shocking case of two well-known international law firms conspiring to breach fundamental fiduciary duties owed to their clients. These firms placed their own self-interest above the interests of their clients, engaged in dishonest self-dealing, withheld key facts material to their clients' interests, made material misrepresentations, and violated the trust and reliance that form the very core of the attorney-client relationship. As a result, and as discussed in more detail below, the firms received an improper benefit at the expense of their clients.

12.    Dr. Julio Palmaz, a renowned physician and scientist, is the inventor of the first commercially available intravascular stent for coronary arteries. The Palmaz® Stent has been identified as one of ten patents that changed the world and is credited for saving millions of lives. Around 2000, Dr. Palmaz along with other associates sought to form entities to develop a new generation of medical devices using advanced metal technologies. Dr. Palmaz retained Akin Gump as legal counsel to assist with the formation of these entities because he had a long-standing relationship with Cecil Schenker ("**Schenker**"), a partner at Akin Gump, as Schenker and Akin Gump provided legal representation to Dr. Palmaz and his family for many years. More importantly, Dr. Palmaz retained Akin Gump and Schenker because he believed he could rely upon them to honestly and fairly represent his interests. Schenker was Dr. Palmaz's primary contact and counsel.

13.    With legal counsel from Akin Gump, ABPS, Venture One, and ABPS Management (the "**ABPS Entities**") were formed. In fact, Akin Gump not only drafted the formation agreements for these entities but also became a limited partner of ABPS with an initial 4.4651% interest in the partnership. In that regard, Akin Gump (and its partners, including Schenker), had a direct, pecuniary interest in the business dealings of ABPS. Akin Gump,

through Schenker and other lawyers, continued to represent all three ABPS Entities as well as Dr. Palmaz in a variety of business deals and transactions.

14.     In 2004, a dispute arose between the ABPS Entities and Christopher Boyle ("**Boyle**"), a former limited partner of ABPS and Venture One.  Boyle, individually and derivatively on behalf of Venture One, pursued arbitration against several parties including ABPS, ABPS Management, Dr. Palmaz (collectively, the "**Palmaz Parties**") *and* Akin Gump *and* Schekner (the "**2004 Arbitration**").  In the 2004 Arbitration, Boyle alleged, among other things, that ABPS, with the advice and counsel of Akin Gump, structured a license agreement with a third party to ensure financial benefit to itself while denying benefit to Venture One.

15.     Because Akin Gump was a limited partner of ABPS and stood to personally benefit from any consideration that flowed to ABPS, Akin Gump had a conflict of interest in its representation of the Palmaz Parties in the 2004 Arbitration.  Despite this conflict, Akin Gump initially appeared as counsel of record in the 2004 Arbitration for the Palmaz Parties.

16.     Akin Gump and Schenker were represented by Baker Botts.  Eventually, upon Akin Gump's and Schenker's advice and counsel, the Palmaz Parties also retained Baker Botts in the 2004 Arbitration.  Mr. Rod Phelan, a partner at Baker Botts, acted as the primary attorney responsible for the defense of the Palmaz Parties, and for Akin Gump and Schenker.  Akin Gump and Schenker also continued to advise the Palmaz Parties during the 2004 Arbitration on various legal matters.

17.     At some point during the 2004 Arbitration proceedings, Baker Botts concluded that Akin Gump was responsible for damages claimed by Boyle and communicated this conclusion to Akin Gump.  Baker Botts made this communication to Akin Gump without sharing this opinion with the Palmaz Parties.  Shockingly, when faced with this clear conflict of interest,

neither law firm (nor its partners) advised the Palmaz Parties of the conflict, sought a waiver of the conflict after disclosing the same, nor sought to withdraw from representation as they were required by their fiduciary and ethical duties to their clients. The failure to advise the Palmaz Parties constituted a material omission that substantially harmed the Palmaz Parties.

18.     Instead of telling the truth, Baker Botts, Akin Gump and Schenker did the opposite. The firms herded the Palmaz Parties, in the middle of the final arbitration hearing, into a room and pressured them to sign a settlement agreement which required the Palmaz Parties to pay Boyle $1.8 million and imposed a continued obligation to pay additional future monies to Boyle (the "**2006 Settlement Agreement**"). In doing so, the firms and Schenker made material and affirmative misrepresentations that the 2006 Settlement Agreement was in the Palmaz Parties' best interests.

19.     To quickly insulate Akin Gump and Schenker from exposure and continuing the pattern of self-dealing, the 2006 Settlement Agreement was hurriedly drafted by Baker Botts and Akin Gump attorneys. Akin Gump and Schenker did not contribute a single cent to the $1.8 million settlement amount and were not obligated to contribute to the future contingent obligations. When finalized, however, the 2006 Settlement Agreement released Akin Gump and Schenker from all liability. In essence, through lies and fraudulent omissions, Baker Botts, Akin Gump and Schenker conspired to use the Palmaz Parties' money to buy a release for Akin Gump and Schenker.

20.     In their effort to conceal their self-dealings and continuing breach of fiduciary duty, the Baker Botts and Akin Gump attorneys, including Schenker, drafted and forced acceptance of the 2006 Settlement Agreement that not only provided Akin Gump and Schenker with full releases in return for no consideration, but also failed to protect the interests of the

Palmaz Parties. In this regard, Defendants put their own pecuniary self-interest and self-dealings above the interests of their clients and received an improper benefit as a result.

21. In March of 2006, Richard Goshorn, Akin Gump's Washington, D.C.-based general counsel sent Baker Botts a letter (*see* **Exhibit 1**, attached hereto and incorporated by reference pursuant to Tex. R. Civ. P. 58). In this "smoking gun," Goshorn acknowledged that Baker Botts had reported to Akin Gump its conclusion that Akin Gump had liability for Boyle's claims. In a stunning violation of Akin Gump's ethical and fiduciary duty to the Palmaz Parties as long time clients and business partners, Goshorn then instructed Phelan not to tell the Palmaz Parties or anyone else about Baker Botts' conclusions concerning Akin Gump's liability. Remarkably, Baker Botts followed this directive and neither it nor Akin Gump (nor Schenker) ever, at any time, advised the Palmaz Parties of this conflict nor withdrew from representation. Instead, the two firms and their lawyers, including Schenker, continued their conspiracy of fraud, self-interest and self-dealing to determent of their clients and to their own (improper) benefit.

22. Shamelessly, Akin Gump and Schenker continued to represent the Palmaz Parties in a variety of other business and litigation matters, including the formation of Plaintiff Palmaz Scientific, Inc. ("**Palmaz Scientific**").

23. On August 8, 2010, Boyle brought another suit against Plaintiffs this time in Bexar County, Texas District Court (the "**2010 Lawsuit**"). In the 2010 Lawsuit, Boyle alleged that the Palmaz Parties and Palmaz Scientific entered into several transactions that triggered payment obligations to him under the 2006 Settlement Agreement—the same settlement that was the direct byproduct of Defendants' self-dealing, self-interest, and breach of fiduciary duty. The transactions alleged to be the basis for 2010 Lawsuit were also pursued upon the advice of Akin Gump and Schenker, who had continued to represent the Palmaz Parties.

24.     After being sued by Boyle again, Schenker, now at a new firm, continued to represent the Palmaz Parties.  Schenker never disclosed to Plaintiffs the ongoing conflict of interest, and he continued to withhold and conceal material information for his own benefit and to insulate himself and Akin Gump from liability.

25.     Only in 2013, after Plaintiffs became dissatisfied with their representation in the 2010 Lawsuit, did they hire another San Antonio law firm.  During the new law firm's review of the Baker Botts files which were maintained in Baker Botts' Dallas office, the March 20, 2006 Goshorn letter and other evidence was discovered revealing for the first time to Plaintiffs the egregious fraud, undisclosed conflicts of interest, and self-dealing that had occurred.

26.     As a result of the conflicts, self-dealing and fraud of Defendants, the Palmaz Parties found themselves again, along with Palmaz Scientific, having to pay out substantial sums of money to resolve the 2010 Lawsuit – all of which stems directly from the ill-gotten 2006 Settlement Agreement releasing Akin Gump and Schenker.

## V.     Causes of Action

### Claim 1: Breach of Fiduciary Duty

27.     Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein.

28.     The Texas Lawyer's Creed, which reminds lawyers of their duties and ethical standards, notes that "A lawyer shall employ all appropriate means to protect and advance the client's legitimate rights, claims and objectives. A lawyer shall not be deterred by any real or imagined fear of judicial disfavor or public unpopularity, **nor be influenced by mere self-interest**." (emphasis added).  Inherent in every attorney-client relationship is the fiduciary duty owed by the attorney to the client.  The attorney-client relationship requires the most abundant

good faith, absolute perfect candor, openness and honesty, and the absence of any concealment or deception.

29.     In blatant disregard of this high standard, Baker Botts, Akin Gump and Schenker breached their fiduciary duties to Plaintiffs by failing to disclose to Plaintiffs before they settled with Boyle in the arbitration, or at any time thereafter, that Akin Gump was liable for the alleged damages claimed by Boyle.     Both firms engaged in self-dealing, deception and misrepresentation.  Defendants' breach of fiduciary duty improperly benefited Akin Gump in that it was able to avoid all liability and to enjoy the continued representation of these fee-paying Plaintiffs.  Schenker and Akin Gump further benefited by obtaining full releases without contributing a single cent as consideration for the same.  Baker Botts benefited by collecting over $1,700,000 in fees over the course of its representation of Plaintiffs in the Boyle arbitration.

30.     Further, Baker Botts, Akin Gump and Schenker committed an additional breach of fiduciary duty in preparing the 2006 Settlement Agreement.  Baker Botts, Akin Gump and Schenker stood to benefit from the quick signing of the 2006 Settlement Agreement as it stopped the arbitration proceedings, ceased the presentation of evidence—which might have implicated Akin Gump's liability and possibly Baker Botts' knowledge of said liability—and quickly released Akin Gump and Schenker from liability with no consideration.  Defendants were so intent on protecting their own interests in getting the 2006 Settlement Agreement signed that they ignored and subverted the long-term implications of the agreement on the Palmaz Parties and failed to advise them of the same.  This breach led directly to the 2010 Lawsuit against the Palmaz Parties and Palmaz Scientific.  These breaches of fiduciary duty are the proximate cause of damages to Plaintiffs.  These damages include the substantial amount of fees paid to the law

firms in the 2006 Arbitration, the monies paid to settle the 2006 Arbitration claims, the costs and attorney's fees incurred in the 2010 Lawsuit, and monies paid to resolve the 2010 Lawsuit.

31.     Additionally, and in the alternative, the breach of fiduciary duty entitles Plaintiffs, at a minimum, to equitable relief in the form of return of the fees Plaintiffs or their affiliates paid the Defendant law firms between at least as early as 2004, when the 2004 Arbitration claim was first made, and the discovery of the breach of fiduciary duty in 2013.

### Claim 2:  Fraud

32.     Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein.

33.     Baker Botts, Akin Gump and Schenker made false representations to Plaintiffs that Plaintiffs were solely liable in the 2006 Arbitration.  Defendants knew and had acknowledged to each other that the representations were false but continued to make them so that they could receive an improper benefit by making Plaintiffs sign the 2006 Settlement Agreement and obtain full and general releases for Akin Gump and Schenker.  As a result of Plaintiffs' reliance on these misrepresentations, Plaintiff incurred millions of dollars in damages in the settlement of the 2006 Arbitration and associated fees and the cost of defending and resolving the 2010 Lawsuit that stems directly from the settlement which released Akin Gump.

34.     Ever since the 2006 Settlement Agreement, Defendants have continued to make misrepresentations to Plaintiffs intended to keep Plaintiffs from discovering their breach of fiduciary duty in order to induce Plaintiffs to allow Defendants to continue to represent them as clients and reap rewards from that representation.  Further, by obtaining a full and general release in the 2006 Settlement, Akin Gump and Schenker had continuous enjoyment of this improper benefit as Boyle was unable to name them as Defendants in the 2010 Lawsuit.

35.     Additionally, and in the alternative, Defendants have all committed fraud by non-disclosure.  Each Defendant was aware of the massive breach of trust and fiduciary duty committed by not advising Plaintiffs of Akin Gump's and Schenker's liability in the 2006 Arbitration.  This information was material and would have changed how Plaintiffs would have acted in the 2006 Arbitration and years following.  Defendants knew not only that Plaintiffs were unaware of the facts but also took comfort in knowing that Plaintiffs had no way of discovering the facts.  Although Defendants at all times have had a duty to advise Plaintiffs of these material facts, they deliberately stayed silent in order to induce Plaintiffs into signing the 2006 Settlement Agreement and to keep them relying on Defendants for legal representation.  Unaware of this insidious deception, Plaintiffs have relied on Defendants' refusal to disclose key information and it has cost them millions of dollars.

## Claim 3: Conspiracy

36.     Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein.

37.     As set forth in the preceding paragraphs, which are incorporated herein, Defendants conspired and agreed to breach their fiduciary duties to Plaintiffs.

38.     The object and shared purpose of the conspiracy was to breach their fiduciary duties including but not limited to buying Akin Gump and Schenker a full release of liability at their clients' expense and to induce Plaintiffs to continue to rely upon them for representation over the years receiving the benefit of millions in attorney's fees.

## VI.  **Discovery Rule**

39.     Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein.

40.     Plaintiffs did not discover, and through the exercise of reasonable care and diligence would not have discovered, the existence of facts giving rise to its causes of action until after January of 2013 when new counsel was retained.  Plaintiffs plead the discovery rule because the injury was inherently undiscoverable and objectively verifiable.

41.     As to all of Plaintiffs' claims, any statutes of limitations are tolled by equitable doctrines, including but not limited to, the doctrines of equitable estoppel, continuing tort, and fraudulent concealment.

## VII.  Damages and Exemplary Damages

42.     Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein.

43.     As explained above, Defendants' actions have caused significant actual damages of over $10,000,000 including, but not limited to, the $1,800,000 paid to settle the 2004 Arbitration, the $1,700,000 in fees paid to Baker Botts for representation in the 2004 Arbitration, all fees paid to Akin Gump since 2004, millions of additional dollars spent in the 2010 Lawsuit, and interest on those amounts to which Plaintiffs are entitled in law and equity.  Moreover, because Plaintiffs' injuries occurred as a result of Defendants' intentional fraudulent and malicious conduct, Plaintiffs are entitled to exemplary damages to be determined by the jury. *See* Tex. Civ. Prac. & Rem. Code § 41.003.

## VIII.  Joint and Several Liability

44.     Pursuant to Rule 58 of the Texas Rules of Civil Procedure, Plaintiffs incorporate by reference all of the allegations in each of the paragraphs above, as if fully set forth herein.

45.     All Defendants are joint tortfeasors who acted in conspiracy to harm Plaintiffs. All Defendants actions proximately caused Plaintiffs' legally recoverable damages. As such, all Defendants are jointly and severally liable for Plaintiffs' damages.

## IX. Request for Disclosure

46.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through 194.2(l).

## X. Jury Demand

47.     Plaintiffs demand a jury trial and tender the appropriate fee with this petition.

## XI. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs herein pray that Defendants be cited to appear and answer and that upon final hearing Plaintiffs recover all damages, interest, attorney's fees as recoverable under law, and all equitable relief to which they are justly entitled.

Dated: October 23, 2014

Respectfully submitted,

**DAVIS & SANTOS**
**ATTORNEYS & COUNSELORS, P.C.**

By:    _____

Jason M. Davis
State Bar No. 00793592
E-mail: *jdavis@dslawpc.com*
Caroline Newman Small
State Bar No. 24056037
E-mail: *csmall@dslawpc.com*
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205
Tel: (210) 853-5882
Fax: (210) 200-8395

GEORGE, BROTHERS, KINCAID & HORTON L.L.P.

R. James George, Jr.
Texas State Bar No. 07810000
E-mail: *rjgeorge@gbkh.com*
John R. McConnell
Texas State Bar No. 24053351
E-mail: *jmcconnell@gbkh.com*
B. Russell Horton
Texas State Bar No. 10014450
E-mail: *rhorton@gbkh.com*
114 West 7th Street, Suite 1100
Austin, Texas 78701
Telephone:  (512) 495-1400
Facsimile: (512) 499-0094

***Attorneys for Plaintiffs***

# Exhibit 1

# AKIN GUMP
# STRAUSS HAUER & FELD LLP

━━━━━━━━━━━━━ Attorneys at Law

**RICHARD H. GOSHORN**
202.887.4294/fax: 202.416.5459
rgoshorn@akingump.com

## PRIVILEGED AND CONFIDENTIAL
## ATTORNEY-CLIENT PRIVILEGED

VIA OVERNIGHT MAIL

March 20, 2006

Mr. Rod Phelan, Esq.
Baker Botts LLP
900 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201

Re:   Christopher Boyle v. Advanced Bio Prosthetic Surfaces, Ltd. (ABPS), et al.

Dear Rod:

I would like to follow up with you regarding our conversation on Friday, February 24, 2006 about the settlement of the above-captioned claim wherein you indicated that in the event of a dispute between ABPS and Akin Gump you would serve as a fact witness saying that both ABPS and Akin Gump were at fault. You also represent Akin Gump in this matter and owe the firm a duty of loyalty and an obligation to preserve firm confidences. As the firm's General Counsel and your principal client contact at the firm, I must note the following:

1. Akin Gump met the standard of care in its representation of ABPS. As Akin Gump's lawyer, you have a fiduciary duty to Akin Gump and are not authorized to concede Akin Gump did anything other than meet the standard of care.

2. Whether someone did or did not meet the standard of care for lawyers is a matter of opinion. You are not part of the historical facts giving rise to the arbitration and are not a fact witness.

3. As to matters of opinion, you can and should refuse to state any adverse opinion if your opinion differs from that of Akin Gump because you cannot be compelled to be an involuntary expert and your duty of loyalty to the firm should preclude you from volunteering to be one. Any such opinion would, in part, be based on privileged attorney-client communications and confidential information. Akin Gump has not and does not waive disclosure of such information as would be required for you to state an opinion about Akin Gump's adherence or non-adherence to a standard of care.

AKIN GUMP
STRAUSS HAUER & FELD LLP
━━━━━━━━━━ Attorneys at Law

Mr. Rod Phelan, Esq.
March 20, 2006
Page 2


I know you will understand the importance of these issues.  These matters are simply too fundamental to the attorney-client relationship you have with the firm for there to be any room for a misunderstanding between us.

Sincerely,

*Richard H. Goshorn*

Richard H. Goshorn
General Counsel

# Tab B-2

# CIVIL CASE INFORMATION SHEET

**2014-CI-16776**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* __ **225TH**

STYLED Advanced Bio Prosthetic Surfaces, Ltd.; ABPS Venture One, Ltd.; et al. v. Akin Gump Strauss Hauer & Feld, L.L.P.; et al.,

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|---|
| Name:<br>Jason Davis | Email:<br>jdavis@dslawpc.com | Plaintiff(s)/Petitioner(s):<br>see additional list | ☒ Attorney for Plaintiff/Petitioner<br>☐ *Pro Se* Plaintiff/Petitioner<br>☐ Title IV-D Agency<br>☐ Other: _____ |
| Address:<br>112 East Pecan St., Ste 900 | Telephone:<br>210-853-5882 | | Additional Parties in Child Support Case: |
| City/State/Zip:<br>San Antonio, Texas 78245 | Fax:<br>210-200-8395 | Defendant(s)/Respondent(s):<br>Akin Gump Strauss Hauer & Feld, L.L.P.<br>Baker Botts, L.L.P.<br>Cecil Schenker | Custodial Parent:<br><br>Non-Custodial Parent: |
| Signature: | State Bar No:<br>00793592 | | Presumed Father: |
| | | [Attach additional page as necessary to list all parties] | |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract*<br>☐ Consumer/DTPA<br>☐ Debt/Contract<br>☒ Fraud/Misrepresentation<br>☐ Other Debt/Contract:<br><br>*Foreclosure*<br>☐ Home Equity—Expedited<br>☐ Other Foreclosure<br>☐ Franchise<br>☐ Insurance<br>☐ Landlord/Tenant<br>☐ Non-Competition<br>☐ Partnership<br>☐ Other Contract: | ☐ Assault/Battery<br>☐ Construction<br>☐ Defamation<br>*Malpractice*<br>  ☐ Accounting<br>  ☐ Legal<br>  ☐ Medical<br>  ☐ Other Professional<br>     Liability:<br><br>☐ Motor Vehicle Accident<br>☐ Premises<br>*Product Liability*<br>  ☐ Asbestos/Silica<br>  ☐ Other Product Liability<br>     List Product:<br><br>☐ Other Injury or Damage: | ☐ Eminent Domain/<br>   Condemnation<br>☐ Partition<br>☐ Quiet Title<br>☐ Trespass to Try Title<br>☐ Other Property:<br><br>**Related to Criminal Matters**<br>☐ Expunction<br>☐ Judgment Nisi<br>☐ Non-Disclosure<br>☐ Seizure/Forfeiture<br>☐ Writ of Habeas Corpus—<br>   Pre-indictment<br>☐ Other: _____ | ☐ Annulment<br>☐ Declare Marriage Void<br>*Divorce*<br>  ☐ With Children<br>  ☐ No Children<br><br>**Other Family Law**<br>☐ Enforce Foreign<br>   Judgment<br>☐ Habeas Corpus<br>☐ Name Change<br>☐ Protective Order<br>☐ Removal of Disabilities<br>   of Minority<br>☐ Other: | ☐ Enforcement<br>☐ Modification—Custody<br>☐ Modification—Other<br><br>**Title IV-D**<br>☐ Enforcement/Modification<br>☐ Paternity<br>☐ Reciprocals (UIFSA)<br>☐ Support Order<br><br>**Parent-Child Relationship**<br>☐ Adoption/Adoption with<br>   Termination<br>☐ Child Protection<br>☐ Child Support<br>☐ Custody or Visitation<br>☐ Gestational Parenting<br>☐ Grandparent Access<br>☐ Parentage/Paternity<br>☐ Termination of Parental<br>   Rights<br>☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination<br>☐ Retaliation<br>☐ Termination<br>☐ Workers' Compensation<br>☐ Other Employment: | ☐ Administrative Appeal<br>☐ Antitrust/Unfair<br>   Competition<br>☐ Code Violations<br>☐ Foreign Judgment<br>☐ Intellectual Property | ☐ Lawyer Discipline<br>☐ Perpetuate Testimony<br>☐ Securities/Stock<br>☐ Tortious Interference<br>☐ Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal<br>☐ Tax Delinquency<br>☐ Other Tax | *Probate/Wills/Intestate Administration*<br>  ☐ Dependent Administration<br>  ☐ Independent Administration<br>  ☐ Other Estate Proceedings | ☐ Guardianship—Adult<br>☐ Guardianship—Minor<br>☐ Mental Health<br>☐ Other: _____ | | |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court<br>☐ Arbitration-related<br>☐ Attachment<br>☐ Bill of Review<br>☐ Certiorari<br>☐ Class Action | ☐ Declaratory Judgment<br>☐ Garnishment<br>☐ Interpleader<br>☐ License<br>☐ Mandamus<br>☐ Post-judgment | ☐ Prejudgment Remedy<br>☐ Protective Order<br>☐ Receiver<br>☐ Sequestration<br>☐ Temporary Restraining Order/Injunction<br>☐ Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees<br>
☐ Less than $100,000 and non-monetary relief<br>
☐ Over $100,000 but not more than $200,000<br>
☐ Over $200,000 but not more than $1,000,000<br>
☒ Over $1,000,000

Plaintiffs:

Advanced Bio Prosthetic Surfaces, Ltd.;

ABPS Venture One, Ltd.;

ABPS Management, LLC;

Palmaz Scientific, Inc.; and

Dr. Julio Palmaz

# Tab B-3

PRIVATE PROCESS      Case Number: 2014-CI-16776



**ADVANCED BIO PROSTHETIC SURFACES LTD E**
**VS.**
**AKIN GUMP STRAUSS HAUER & FELD LLP ETAL**
(Note:Attached Document May Contain Additional Litigants.)

2014CI16776 S00001

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

### CITATION

"THE STATE OF TEXAS"

Directed To: AKIN GUMP STRAUSS HAUER & FELD LLP
BY SERVING: BARRY A CHASNOFF

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 23rd day of October, 2014.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF OCTOBER A.D., 2014.

PETITION

JASON M DAVIS
ATTORNEY FOR PLAINTIFF
112 E PECAN ST 900
SAN ANTONIO, TX 78205-1512



**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Lisa Morales,* Deputy

---

OFFICER'S RETURN

I received this citation on ___10-28-14___ at ___1:20___ o'clock _P_.M. and:( ✓ ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant, _Akin Gump by delivering to Achean Penn, Asst. Gen. Counsel_ in person on the _29th_ day of October, 2014 at _10:15_ o'clock _A._M. at: _300 Convent St. San Antonio, TX_ or ( ) not executed because _____ Fees: _____ ~~Badge~~/PPS #: _SCH 2243_
Date certification expires: ___8-31-15___

                               _Bexar_ County, Texas

                  By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____

                  NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _Mike McEwen_ , my date of birth is _1-23-47_ , and my address is _P.O. Box 691675, SanAntonio, TX_ , _Bexar_ (County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _Bexar_ County, State of Texas, on the _29th_ day of _October_ , 20 _14_ .

                            _____
                              Declarant         RETURN TO COURT (DK002)

DOCUMENT SCANNED AS FILED

# Tab B-4

PRIVATE PROCESS          Case Number: 2014-CI-16776



2014CI16776 S00002

**ADVANCED BIO PROSTHETIC SURFACES LTD E**
**VS.**
**AKIN GUMP STRAUSS HAUER & FELD LLP ETAL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

### CITATION



"THE STATE OF TEXAS"

Directed To: BAKER BOTTS LLP
BY SERVING: GEORGE LAMB



"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 23rd day of October, 2014.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF OCTOBER A.D., 2014.

PETITION

JASON M DAVIS
ATTORNEY FOR PLAINTIFF
112 E PECAN ST 900
SAN ANTONIO, TX 78205-1512



**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Lisa Morales,* Deputy

---

OFFICER'S RETURN

I received this citation on __10-28-14__ at __1:20__ o'clock __P.__M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or ( ) **not executed** because _____ Fees:_____ Badge/PPS #:_____ Date certification expires:_____

## AFFIDAVIT
## ATTACHED

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____

_____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant                    RETURN TO COURT (DK002)

## AFFIDAVIT OF SERVICE

State of Texas            County of Bexar            225th District Court

Case Number: 2014-CI-16776

Plaintiff:
**Advanced Bio Prosthetic Surfaces, Ltd.; Et Al**
vs.
Defendant:
**Akin Gump Strauss Hauer & Feld, L.L.P., Et AL**

Received these papers on the 31st day of October, 2014 at 9:00 am to be served on **Baker Botts LLP by delivering to George Lamb, 2001 Ross Ave, Dallas, TX 75201**

I, Carlos Barrera, being duly sworn, depose and say that on the **5th day of November, 2014** at **12:30 pm, I:**

delivered to an **AUTHORIZED** person a true copy of the **Citation - Plaintiff's Original Petition and Request for Disclosures** with the date of service endorsed thereon by me, to: **George Lamb** as **Partner** at the address of: **2001 Ross Ave, 11th Floor, Dallas, Dallas County, TX 75201**, who stated they are authorized to accept service for **Baker Botts LLP**, and informed said person of the contents therein, in compliance with state statutes.

I am a private process server authorized by the Supreme Court of Texas. I am over the age of twenty one, not a party to nor interested in the outcome of this lawsuit. I am capable of making this Affidavit, and fully competent to testify to the matters stated herein. I have personal knowledge of each of the matters stated herein and the statements made in this Affidavit are true and correct.

Subscribed and sworn to before me on the 11th day of November, 2014 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

_____
**Carlos Barrera**
SCH5305 Exp. 06/30/15

Our Job Serial Number: ESA-2014001511

NELLY ONDRUSEK
Notary Public, State of Texas
My Commission Expires
March 13, 2017

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

DOCUMENT SCANNED AS FILED

# Tab B-5

PRIVATE PROCESS      Case Number: 2014-CI-16776



2014CI16776 S00003

**ADVANCED BIO PROSTHETIC SURFACES LTD E**
**VS.**
**AKIN GUMP STRAUSS HAUER & FELD LLP ETAL**
(Note: Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: CECIL SCHENKER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 23rd day of October, 2014.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF OCTOBER A.D., 2014.

PETITION

JASON M DAVIS
ATTORNEY FOR PLAINTIFF
112 E PECAN ST 900
SAN ANTONIO, TX 78205-1512



**Donna Kay M^cKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Lisa Morales*, Deputy

---

OFFICER'S RETURN

I received this citation on __10-28-14__ at __1:20__ o'clock __P.M.__ and: ( ✓ ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant, __Cecil Schenker__ in person on the __29th day of October, 2014__ at __9:50__ o'clock __A.M.__ at: __802 E. El Prado Dr., San Antonio, TX__ or ( ) not executed because _____ Fees: _____ Badge/PPS #: __SCH 2243__
Date certification expires: __8-31-15__

__Bexar__ County, Texas

By: _____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____

NOTARY PUBLIC, STATE OF TEXAS

OR: My name is __Mike McEwen__, my date of birth is __1-23-47__, and my address is __P.O. Box 691675, San Antonio, TX__, __Bexar__ (County). I declare under penalty of perjury that the foregoing is true and correct. Executed in __Bexar__ County, State of Texas, on the __29th__ day of __October__, 20 __14__.

_Mike McEwen_
Declarant

RETURN TO COURT (DK002)

DOCUMENT SCANNED AS FILED

# Tab B-6

CAUSE NO. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, | § | IN THE DISTRICT COURT |
| LTD; ABPS VENTURE ONE, LTD.; | § | |
| ABPS MANAGEMENT, LLC; PALMAZ | § | |
| SCIENTIFIC, INC., | § | |
| AND DR. JULIO PALMAZ | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, | § | |
| L.L.P.; BAKER BOTTS, L.L.P.; | § | |
| AND CECIL SCHENKER | § | |
| | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## DEFENDANT BAKER BOTTS, L.L.P.'S
## ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **BAKER BOTTS, L.L.P.,** Defendant in the above-entitled and numbered cause, and files its ORIGINAL ANSWER replying to PLAINTIFFS' ORIGINAL PETITION and for same says:

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies the allegations in Plaintiffs' Original Petition.

### STATUTE OF LIMITATIONS

Defendant asserts that Plaintiffs' claims are barred by the applicable statute of limitations. TEX.CIV.PRAC. & REM. CODE §16.003, et seq.

### PRAYER

WHEREFORE, Defendant prays that Plaintiffs recover nothing by way of this suit; that Defendant recover costs of court, and for such other and further relief, both at law and in equity, to which this Defendant may be justly entitled.

Respectfully submitted,

BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY:_____

RICARDO R. REYNA
State Bar No. 16794845
Email: rreyna@bpgrlaw.com
JOSHUA L. NICHOLLS
State Bar No. 24086888
Email: jnicholls@bpgrlaw.com
DAVID E. IRWIN
State Bar No. 24091127
Email: dirwin@bpgrlaw.com

SCOTT, DOUGLASS & MCCONNICO, L.L.P.
600 Congress Avenue, Suite 1500
Austin, TX 78701-3234
(512) 495-6300
(512) 474-0731 (FAX)

STEPHEN E. McCONNICO
State Bar No.13450300
Email: smcconnico@scottdoug.com
SAM JOHNSON
State Bar No.10790600
Email: sjohnson@scottdoug.com

ATTORNEYS FOR DEFENDANT
**BAKER BOTTS, L.L.P.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served by

facsimile on this 26th day of November, 2014, to:

Jason M. Davis                                    Fax No. (210) 200-8395
Carolyn Newman Small
Davis & Santos
112 E. Pecan, Ste. 900
San Antonio, TX  78205

R. James George, Jr.                              Fax No. (512) 499-0094
John R. McConnell
B. Russell Horton
George, Brothers, Kincaid & Horton
114 West 7th St., Ste. 1100
Austin, TX  78701

_____
RICARDO R. REYNA
JOSHUA L. NICHOLLS
DAVID E. IRWIN
STEPHEN E. McCONNICO
SAM JOHNSON

# Tab B-7

CAUSE NO. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, | § | IN THE DISTRICT COURT |
| LTD; ABPS VENTURE ONE, LTD.; | § | |
| ABPS MANAGEMENT, LLC; PALMAZ | § | |
| SCIENTIFIC, INC., | § | |
| AND DR. JULIO PALMAZ | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, | § | |
| L.L.P.; BAKER BOTTS, L.L.P.; | § | |
| AND CECIL SCHENKER | § | |
| | § | |
| Defendants. | § | BEXAR COUNTY, TEXAS |

## DEMAND FOR JURY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES **BAKER BOTTS, L.L.P.,** Defendant in the above-entitled and numbered

cause, and makes this DEMAND FOR JURY TRIAL.

Respectfully submitted,

BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas   78247-2304
(210) 979-0100
(210) 979-7810 (FAX)

BY:_____

RICARDO R. REYNA
State Bar No. 16794845
Email: rreyna@bpgrlaw.com
JOSHUA L. NICHOLLS
State Bar No. 24086888
Email: jnicholls@bpgrlaw.com
DAVID E. IRWIN
State Bar No. 24091127
Email: dirwin@bpgrlaw.com

SCOTT, DOUGLASS & MCCONNICO, L.L.P.
600 Congress Avenue, Suite 1500
Austin, TX 78701-3234
(512) 495-6300
(512) 474-0731 (FAX)

STEPHEN E. McCONNICO
State Bar No.13450300
Email: smcconnico@scottdoug.com
SAM JOHNSON
State Bar No.10790600
Email: sjohnson@scottdoug.com

ATTORNEYS FOR DEFENDANT
**BAKER BOTTS, L.L.P.**

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing has been served by

facsimile on this 26th day of November, 2014, to:

Jason M. Davis                                Fax No. (210) 200-8395
Carolyn Newman Small
Davis & Santos
112 E. Pecan, Ste. 900
San Antonio, TX  78205

R. James George, Jr.                          Fax No. (512) 499-0094
John R. McConnell
B. Russell Horton
George, Brothers, Kincaid & Horton
114 West 7th St., Ste. 1100
Austin, TX  78701

RICARDO R. REYNA
JOSHUA L. NICHOLLS
DAVID E. IRWIN
STEPHEN E. McCONNICO
SAM JOHNSON

# Tab B-8

FILED
12/22/2014 2:6:05024-cag  Doc#1  Filed 04/04/16  Entered 04/04/16 17:05:27  Main Document  Pg 49 of
129
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Anthony Barrow

CAUSE NO. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, LTD.; ABPS VENTURE ONE, LTD.; ABPS MANAGEMENT, LLC; PALMAZ SCIENTIFIC, INC.; and DR. JULIO PALMAZ, | § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | BEXAR COUNTY, TEXAS |
| v. | § § | |
| AKIN GUMP STRAUSS HAUER & FELD, L.L.P.; BAKER BOTTS, L.L.P.; and CECIL SCHENKER, | § § § § | 225TH JUDICIAL DISTRICT |
| Defendants. | § § | |

## BAKER BOTTS, L.L.P.'S NOTICE OF FILING RULE 11 AGREEMENT

Pursuant to TEX. R. CIV. P. 11, Defendant Baker Botts, L.L.P. hereby files the December 19, 2014 letter attached as Exhibit "A" as an enforceable Rule 11 agreement in this case.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.

By: _____

Stephen E. McConnico
State Bar No. 13450300
smcconnico@scottdoug.com
Sam Johnson
State Bar No. 10790600
sjohnson@scottdoug.com
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589
(512) 495-6300
(512) 474-0731 Fax

1170006

BROCK PERSON GUERRA REYNA, P.C.
Ricardo R. Reyna
State Bar No. 16794845
rreyna@bpgrlaw.com
Joshua L. Nicholls
State Bar No. 24086888
jnicholls@bpgrlaw.com
David E. Irwin
State Bar No. 24091127
dirwin@bpgrlaw.com
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100
(210) 979-7810 (Fax)

ATTORNEYS FOR DEFENDANT BAKER
BOTTS, L.L.P.

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Baker Botts LLP's Notice of Filing Rule 11 Agreement has been served on all counsel of record, as listed below, by email on December 22, 2014.

Jason M. Davis
jdavis@dslawpc.com
Caroline Small
csmal@dslawpc.com
DAVIS AND SANTOS
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX 78205

R. James George, Jr.
rjgeorge@gbkh.com
John McConnell
jmconnell@gbkh.com
B. Russell Horton
rhorton@gbkh.com
GEORGE, BROTHERS, KINCAID & HORTON, L.L.P.
114 West 7th Street, Suite 1100
Austin, TX 78701

Sam Johnson

3

1170006

# SCOTT, DOUGLASS
# & McCONNICO, L.L.P.
### ATTORNEYS AT LAW

December 19, 2014

**Via email: jdavis@dslawpc.com**
Mr. Jason Davis
Davis & Santos, P.C.
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205

Re:  Cause No. 2014-Cl-16776; *Advanced Bio Prosthetic Surfaces, Ltd.; ABPS Venture One, Ltd.; ABPS Management, LLC; Palmas Scientific, Inc., and Dr. Julio Palmaz v. Akin Gump Strauss Hauer & Feld, L.L.P.; Baker Botts, L.L.P.; and Cecil Schenker*; in the 225th Judicial District Court of Bexar County, Texas.

Dear Jason,

I write this letter to confirm our agreement regarding extending the deadlines for objections and responses to the pending discovery requests in the above-referenced matter.  This letter is intended to be an enforceable Rule 11 agreement in the above referenced case.

Your client, Advanced Bio Prosthetic Surfaces, Ltd. ("ABPS") has served my client, Baker Botts, LLP ("BB"), with a Request for Disclosure, Requests for Production, Requests for Admissions, and Interrogatories (the "ABPS Discovery").  BB's objections and responses to the ABPS Discovery are due December 31, 2014.

BB has served ABPS and each of the four other Plaintiffs with a Request for Disclosure and Requests for Production (the "BB Discovery").  The Plaintiffs' objections and responses to the BB Discovery are due December 26, 2014.

We have agreed that the deadlines for objections and responses to all the discovery requests pending between Plaintiffs and BB will be extended 30 days.  BBs's objections and responses to the ABPS Discovery will now be due January 30, 2015.  The Plaintiffs' objections and responses to the BB Discovery will now be due January 26, 2015.  The 30th day actually falls on the 25th, but that is a Sunday so the Plaintiffs' response date will be Monday, January 26, 2015.



ONE AMERICAN CENTER / 15TH FLOOR / 600 CONGRESS AVENUE / AUSTIN, TEXAS 78701
TELEPHONE: 512.495.6300 / FACSIMILE: 512.474.0731 / WWW.SCOTTDOUG.COM

**Exhibit __A__**

Mr. Jason Davis
December 19, 2014
Page 2

      To signify your agreement to the described discovery deadline extensions, please sign on your signature line below and return a copy of this letter to me. I will then file this document with the court as a Rule 11 agreement.

      Sincerely,

      Sam Johnson
      Counsel for Baker Botts, LLP

AGREED TO:

By: _____
    Jason Davis
    Counsel for Plaintiffs

SJ:bc

1169430

# Tab B-9

NO. 2014CI16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, LTD; ABPS VENTURE ONE, LTD; ABPS MANAGEMENT, LLC; PALMAZ SCIENTIFIC, INC.; and DR. JULIO PALMAZ, | § § § § § | IN THE  DISTRICT COURT |
| Plaintiffs, | § § | BEXAR COUNTY, TEXAS |
| v. | § § | |
| AKIN GUMP STRAUSS HAUER & FELD, L.L.P.; BAKER BOTTS, L.L.P.; and CECIL SCHENKER, | § § § § § | |
| Defendants. | § § | 225TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANTS
## AKIN GUMP STRAUSS HAUER& FELD, L.L.P. AND CECIL SCHENKER

Defendants Akin Gump Strauss Hauer & Feld, L.L.P. and Cecil Schenker (collectively "Defendants") file this Original Answer in response to Plaintiffs' Original Petition and Request for Disclosure and respectfully show the Court as follows:

### GENERAL DENIAL

Under Rule 92 TEX. R. CIV. P. and while reserving the right to amend this Answer, Defendants deny each and every allegation contained in Plaintiffs' Original Petition and Request for Disclosure, and demand strict proof thereof.

### PRAYER

Defendants pray that judgment be entered in their favor, that they recover their costs, and have such other and further relief to which they may be entitled.

Respectfully submitted,

George M. Kryder
State Bar No. 11742900
gkryder@velaw.com
Matthew W. Moran
   State Bar No. 24002642
   mmoran@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201-2975
Tel. 214-220-7700
Fax. 214-220-7716

*Attorneys for Defendants Akin Gump Strauss Hauer
& Feld, L.L.P. and Cecil Scheuker*

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2014, a true and correct copy of the foregoing document was served in accordance with TEX. R. CIV. P. 21a by First Class U.S. Mail to the counsel of record listed below and by electronic delivery to the email addresses listed below.

Jason M. Davis
Caroline Newman Small
Davis & Santos
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX  78205
jdavis@dslawpc.com
csmall@dslawpc.com

R. James George, Jr.
John R. McConnell
B. Russell Horton
George, Brothers, Kincaid & Horton L.L.P.
114 West 7th Street, Suite 1100
Austin, TX  78701
rjgeorge@gbkh.com
jmcconnell@gbkh.com
rhorton@gbkh.com

Ricardo R. Reyna
Joshua L. Nicholls
David E. Irwin
Brock Person Guerra Reyna, P.C.
17339 Redland Road
San Antonio, TX  78247-2304
rreyna@bpgrlaw.com
jnicholls@bpgrlaw.com
dirwin@bpgrlaw.com

Stephen E. McConnico
Sam Johnson
Scott, Douglass & McConnico, L.L.P.
600 Congress Avenue, Suite 1500
Austin, TX  78701-3234
sjohnson@scottdoug.com

George M. Kryder

US 3205769v.2

**ORIGINAL ANSWER OF DEFENDANTS AKIN GUMP STRAUSS HAUER & FELD, L.L.P. and CECIL
SCHENKER– PAGE 2**

# Tab B-10

Donna Kay McKinney
Bexar County District Clerk
Accepted By: Anthony Barrow

CAUSE NO. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, LTD.; ABPS VENTURE ONE, LTD.; ABPS MANAGEMENT, LLC; PALMAZ SCIENTIFIC, INC.; and DR. JULIO PALMAZ, | § § § § § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § § | |
| | § | |
| v. | § § | BEXAR COUNTY, TEXAS |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, L.L.P.; BAKER BOTTS, L.L.P.; and CECIL SCHENKER, | § § § § | |
| Defendants. | § | 225TH JUDICIAL DISTRICT |

## BAKER BOTTS, L.L.P.'S NOTICE OF FILING RULE 11 AGREEMENT

Pursuant to TEX. R. CIV. P. 11, Defendant Baker Botts, L.L.P. hereby files the January 21, 2015 letter attached as Exhibit "A" as an enforceable Rule 11 agreement in this case.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.

By: _Sam Johnson_____

Stephen E. McConnico
State Bar No. 13450300
smcconnico@scottdoug.com
Sam Johnson
State Bar No. 10790600
sjohnson@scottdoug.com
600 Congress Avenue, Suite 1500
Austin, Texas  78701-2589
(512) 495-6300
(512) 474-0731 Fax

1179015

BROCK PERSON GUERRA REYNA, P.C.
Ricardo R. Reyna
State Bar No. 16794845
rreyna@bpgrlaw.com
Joshua L. Nicholls
State Bar No. 24086888
jnicholls@bpgrlaw.com
David E. Irwin
State Bar No. 24091127
dirwin@bpgrlaw.com
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100
(210) 979-7810 (Fax)

ATTORNEYS FOR DEFENDANT BAKER
BOTTS, L.L.P.

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Baker Botts LLP's Notice of Filing Rule 11 Agreement has been served on all counsel of record, as listed below, by email on January 26, 2015.

Jason M. Davis
jdavis@dslawpc.com
Caroline Small
csmal@dslawpc.com
DAVIS AND SANTOS
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX 78205
**ATTORNEYS FOR PLAINTIFFS**

R. James George, Jr.
rjgeorge@gbkh.com
John McConnell
jmconnell@gbkh.com
B. Russell Horton
rhorton@gbkh.com
GEORGE, BROTHERS, KINCAID & HORTON, L.L.P.
114 West 7th Street, Suite 1100
Austin, TX 78701
**ATTORNEYS FOR PLAINTIFFS**

George M. Kryder
gkryder@velaw.com
Matthew W. Moran
mmoran@velaw.com
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
**ATTORNEYS FOR DEFENDANTS**
**AKIN GUMP STRAUSS HAUER & FELD, LLP and**
**CECIL SCHEUKER**

_Sam Johnson_
Sam Johnson

1179015

# EXHIBIT
# A

# SCOTT, DOUGLASS
# & McCONNICO, L.L.P.
### ATTORNEYS AT LAW

January 21, 2015

Via email: jdavis@dslawpc.com
Mr. Jason Davis
Davis & Santos, P.C.
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205

Re:    Cause No. 2014-CI-16776; *Advanced Bio Prosthetic Surfaces, Ltd.; ABPS Venture One, Ltd.; ABPS Management, LLC; Palmas Scientific, Inc., and Dr. Julio Palmaz v. Akin Gump Strauss Hauer & Feld, L.L.P.; Baker Botts, L.L.P.; and Cecil Schenker,* in the 225th Judicial District Court of Bexar County, Texas.

Dear Jason,

I write this letter to confirm our agreement regarding extending the deadlines for objections and responses to the pending discovery requests in the above-referenced matter. This letter is intended to be an enforceable Rule 11 agreement in the above referenced case.

Your client, Advanced Bio Prosthetic Surfaces, Ltd. ("ABPS") has served my client, Baker Botts, LLP ("BB"), with a Request for Disclosure, Requests for Production, Requests for Admissions, and Interrogatories (the "ABPS Discovery"). BB's objections and responses to the ABPS Discovery are presently due January 30, 2015.

BB has served ABPS and each of the four other Plaintiffs with a Request for Disclosure and Requests for Production (the "BB Discovery"). The Plaintiffs' objections and responses to the BB Discovery are due presently due January 26, 2015.

We have agreed that the deadlines for objections and responses to all the discovery requests pending between Plaintiffs and BB will be extended two weeks and three days. BBs's objections and responses to the ABPS Discovery will now be due February 16, 2015. The Plaintiffs' objections and responses to the BB Discovery will now be due February 12, 2015.



Mr. Jason Davis
January 21, 2015
Page 2


To signify your agreement to the described discovery deadline extensions, please sign on your signature line below and return a copy of this letter to me. I will then file this document with the court as a Rule 11 agreement.

Sincerely,

*Sam Johnson*

Sam Johnson
Counsel for Baker Botts, LLP


AGREED TO:


By: *Jason Davis w/ permission Sarah Santos*

Jason Davis
Counsel for Plaintiffs


SJ:bc


1169430

# Tab B-11

FILED
2/12/2015 10:16:05:50.24-cag  Doc#1  Filed 04/04/16  Entered 04/04/16 17:05:27  Main Document  Pg 65 of
129
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Brenda Carrillo

CAUSE NO. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, LTD.; ABPS VENTURE ONE, LTD.; ABPS MANAGEMENT, LLC; PALMAZ SCIENTIFIC, INC.; and DR. JULIO PALMAZ, | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | BEXAR COUNTY, TEXAS |
| AKIN GUMP STRAUSS HAUER & FELD, L.L.P.; BAKER BOTTS, L.L.P.; and CECIL SCHENKER, | § § § § | |
| Defendants. | § | 225TH JUDICIAL DISTRICT |

## BAKER BOTTS, L.L.P.'S NOTICE OF FILING RULE 11 AGREEMENT

Pursuant to TEX. R. CIV. P. 11, Defendant Baker Botts, L.L.P. hereby files the February 11, 2015 letter attached as Exhibit "A" as an enforceable Rule 11 agreement in this case.

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.

By: _____
Stephen E. McConnico
State Bar No. 13450300
smcconnico@scottdoug.com
Sam Johnson
State Bar No. 10790600
sjohnson@scottdoug.com
600 Congress Avenue, Suite 1500
Austin, Texas 78701-2589
(512) 495-6300
(512) 474-0731 Fax

1179015

BROCK PERSON GUERRA REYNA, P.C.
Ricardo R. Reyna
State Bar No. 16794845
rreyna@bpgrlaw.com
Joshua L. Nicholls
State Bar No. 24086888
jnicholls@bpgrlaw.com
David E. Irwin
State Bar No. 24091127
dirwin@bpgrlaw.com
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100
(210) 979-7810 (Fax)

ATTORNEYS FOR DEFENDANT BAKER
BOTTS, L.L.P.

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Baker Botts LLP's Notice of Filing Rule 11 Agreement has been served on all counsel of record, as listed below, by email on February 12, 2015.

Jason M. Davis
jdavis@dslawpc.com
Caroline Small
csmal@dslawpc.com
DAVIS AND SANTOS
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX 78205
**ATTORNEYS FOR PLAINTIFFS**

R. James George, Jr.
rjgeorge@gbkh.com
John McConnell
jmconnell@gbkh.com
B. Russell Horton
rhorton@gbkh.com
GEORGE, BROTHERS, KINCAID & HORTON, L.L.P.
114 West 7th Street, Suite 1100
Austin, TX 78701
**ATTORNEYS FOR PLAINTIFFS**

George M. Kryder
gkryder@velaw.com
Matthew W. Moran
mmoran@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975
**ATTORNEYS FOR DEFENDANTS**
**AKIN GUMP STRAUSS HAUER & FELD, LLP and**
**CECIL SCHEUKER**

Sam Johnson

Sam Johnson

3

1179015

# EXHIBIT A

# SCOTT, DOUGLASS
# & McCONNICO, L.L.P.
### ATTORNEYS AT LAW

February 11, 2015

Via email: jdavis@dslawpc.com
Mr. Jason Davis
Davis & Santos, P.C.
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205

Re:  Cause No. 2014-CI-16776; *Advanced Bio Prosthetic Surfaces, Ltd.; ABPS Venture One, Ltd.; ABPS Management, LLC; Palmas Scientific, Inc., and Dr. Julio Palmaz v. Akin Gump Strauss Hauer & Feld, L.L.P.; Baker Botts, L.L.P.; and Cecil Schenker*, in the 225th Judicial District Court of Bexar County, Texas

Dear Jason,

I write this letter to confirm our agreement regarding extending the deadlines for objections and responses to the pending discovery requests in the above-referenced matter. This letter is intended to be an enforceable Rule 11 agreement in the above-referenced case.

Your client, Advanced Bio Prosthetic Surfaces, Ltd. ("ABPS") has served my client, Baker Botts, LLP ("BB"), with a Request for Disclosure, Requests for Production, Requests for Admissions, and Interrogatories (the "ABPS Discovery"). BB's objections and responses to the ABPS Discovery are presently due February 16, 2015.

BB has served ABPS and each of the four other Plaintiffs with a Request for Disclosure and Requests for Production (the "BB Discovery"). The Plaintiffs' objections and responses to the BB Discovery are presently due February 12, 2015.

We have agreed that the deadlines for objections and responses to all the discovery requests pending between Plaintiffs and BB will be as follows. BB's objections and responses to the ABPS Discovery will now be due February 25, 2015. The Plaintiffs' objections and responses to the BB Discovery will now be due February 20, 2015.

Mr. Jason Davis
February 11, 2015
Page 2


To signify your agreement to the described discovery deadline extensions, please sign on your signature line below and return a copy of this letter to me. I will then file this document with the court as a Rule 11 agreement.

Sincerely,

Sam Johnson
Counsel for Baker Botts, LLP




AGREED TO:


By: _____
~~Jason Davis~~   Caroline Newman Small
Counsel for Plaintiffs




SJ:mif




1169430

# Tab B-12

FILED
2/23/2015 11:05:02 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Sanchez

CAUSE NO. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, LTD.; ABPS VENTURE ONE, LTD.; ABPS MANAGEMENT, LLC; PALMAZ SCIENTIFIC, INC.; and DR. JULIO PALMAZ, | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | BEXAR COUNTY, TEXAS |
| AKIN GUMP STRAUSS HAUER & FELD, L.L.P.; BAKER BOTTS, L.L.P.; and CECIL SCHENKER, | § § § § | |
| Defendants. | § | 225TH JUDICIAL DISTRICT |

## NOTICE OF CHANGE OF ADDRESS

TO THE HONORABLE COURT:

The undersigned attorney files this Notice of Change of Address and requests that the Court's docket in the above-styled cause be updated accordingly.

Effective February 23, 2015, the new address and fax number for Defendant's counsel Steve McConnico and Sam Johnson is as follows:

Scott Douglass & McConnico LLP
303 Colorado Street, Suite 2400
Austin, Texas  78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

Email addresses and telephone numbers are unchanged.

1186881

Respectfully submitted,

SCOTT, DOUGLASS & McCONNICO, L.L.P.


By:    <u>/s/  Sam Johnson</u>
        Stephen E. McConnico
        State Bar No. 13450300
        smcconnico@scottdoug.com
        Sam Johnson
        State Bar No. 10790600
        sjohnson@scottdoug.com
        600 Congress Avenue, Suite 1500
        Austin, Texas  78701-2589
        (512) 495-6300
        (512) 474-0731 Fax

        ATTORNEYS FOR DEFENDANT BAKER
        BOTTS, L.L.P.

2

1186881

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below, by email on February 23, 2015.

Jason M. Davis
jdavis@dslawpc.com
Caroline Small
csmal@dslawpc.com
DAVIS AND SANTOS
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX  78205
**ATTORNEYS FOR PLAINTIFFS**

R. James George, Jr.
rjgeorge@gbkh.com
John McConnell
jmconnell@gbkh.com
B. Russell Horton
rhorton@gbkh.com
GEORGE, BROTHERS, KINCAID & HORTON, L.L.P.
114 West 7th Street, Suite 1100
Austin, TX  78701
**ATTORNEYS FOR PLAINTIFFS**

George M. Kryder
gkryder@velaw.com
Matthew W. Moran
mmoran@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX  75201-2975
**ATTORNEYS FOR DEFENDANTS**
**AKIN GUMP STRAUSS HAUER & FELD, LLP and**
**CECIL SCHEUKER**

                 /s/  Sam Johnson
                 Sam Johnson

3

1186881

# Tab B-13





### DAVIS & SANTOS

Attorneys & Counselors, P.C.

Caroline Newman Small
csmall@dslawpc.com

March 30, 2015

## RULE 11 AGREEMENT

Mr. Matthew W. Moran                         *Via E-mail: mmoran@velaw.com*
VINSON & ELKINS, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975

  Re: Cause No. 2014-IC-16776; *Advanced Bio Prosthetic Surfaces, Ltd., et al. v. Baker Botts, LLP, et al.*; pending in the 225th Judicial District of Bexar County, Texas

Dear Matt,

  We are requesting a 30-day extension, until May 4, to respond to Akin Gump's *First Request for Production to Plaintiffs*. If this is acceptable to you, please sign below to memorialize the agreement pursuant to Rule 11.

  Thank you in advance for your professional courtesies.

        Sincerely,

        Caroline Newman Small

CNS:rp

**AGREED TO BY:**

Matt Moran
*Counsel for Akin Gump*

# Tab B-14

FILED
4/22/2015 10:16:05 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Laura Rodriguez




# DAVIS & SANTOS

### Attorneys & Counselors, P.C.

Caroline Newman Small
csmall@dslawpc.com

April 22, 2015

### <u>RULE 11 AGREEMENT</u>

Mr. Matthew W. Moran               *Via E-mail: mmoran@velaw.com*
Vɪɴsoɴ & Eʟᴋɪɴs, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975

Re:    Cause No. 2014-CI-16776; *Advanced Bio Prosthetic Surfaces, Ltd., et al. v.
Baker Botts, LLP, et al.*; pending in the 225th Judicial District of Bexar County,
Texas

Dear Matt,

We are requesting a 30-day extension, until June 4, to respond to Akin Gump's *First
Request for Production to Plaintiffs*. You indicated in your April 19, 2015 letter that this would
be acceptable. If so, please sign below to memorialize the agreement pursuant to Rule 11.

Thank you in advance for your professional courtesies.

Sincerely,

Caroline Newman Small

CNS:rp

**AGREED TO BY:**

Matt Moran
*Counsel for Akin Gump*

# Tab B-15

Cause No. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, LTD.; ABPS VENTURE ONE, LTD.; ABPS MANAGEMENT, LLC; PALMAZ SCIENTIFIC, INC.; and DR. JULIO PALMAZ, | § § § § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| V. | § § | BEXAR COUNTY, TEXAS |
| AKIN GUMP STRAUSS HAUER & FELD, L.L.P.; BAKER & BOTTS, L.L.P.; and CECIL SCHENKER | § § § | |
| Defendants. | § | 225th JUDICIAL DISTRICT |

## MOTION TO WITHDRAW AS COUNSEL

**TO THE HONORABLE JUDGE OF SAID COURT:**

R. James George, Jr., B. Russell Horton, John R. McConnell, and their firm, George,

Brothers, Kincaid & Horton L.L.P. (together, "GBKH Counsel") ask the Court to allow them to

withdraw as counsel for Plaintiffs.

GBKH Counsel has previously appeared as attorneys of record in this case for Plaintiffs.

Plaintiffs are also represented in this case by the following counsel:

> Jason M. Davis
> State Bar No. 00793592
> E-mail: *jdavis@dslawpc.com*
> Caroline Newman Small
> State Bar No. 24056037
> Email: *csmall@dslawpc.com*
> Davis & Santos, P.C.
> The Weston Centre
> 112 E. Pecan Street, Suite 900
> San Antonio, Texas 78205
> Tel: (210) 853-5882
> Fax: (210) 200-8395

There is good cause, as required by Texas Rule of Civil Procedure 10, for this Court to grant this motion to withdraw.  A conflict has arisen between GBKH Counsel and Plaintiffs. Since the situation has not been resolved, GBKH Counsel seeks to withdraw at this time.

There are no pending settings in this case.  There is also no scheduling order in place.  As Plaintiffs are already represented by other counsel, the withdrawal of the GBKH Counsel will cause no material adverse effects on the interests of Plaintiffs.  GBKH Counsel is unaware of any deadlines that exist at this time.

The last known address and contact information for Plaintiffs are:

> Palmaz Scientific, Inc.
> c/o Steven B. Solomon, CEO
> 2828 N. Harwood, Ste. 1700
> Dallas, Texas  75201
> email: ssolomon@palmazscientific.com
>
> Advanced Bio Prostheticsurfaces, Ltd.
> ABPS Venture One, Ltd.
> ABPS Management, LLC
> Palmaz Scientific, Inc.
> Dr. Julio Palmaz
> c/o Jason Davis
> Email:  jdavis@dslawpc.com
> Caroline Newman Small
> E-mail:  csmall@dslawpc.com
> Davis & Santos
> The Weston Centre
> 112 E. Pecan Street, Suite 900
> San Antonio, Texas 78205

For these reasons, R. James George, Jr., B. Russell Horton, John R. McConnell, and George, Brothers, Kincaid & Horton, L.L.P. ask that the Court grant this Motion to Withdraw as Counsel, and for such other and further relief to which they may be justly entitled.

Respectfully submitted,

/s/ R. James George, Jr.

*Motion to Withdraw As Counsel*                                    Page 2

R. James George, Jr.
Texas State Bar No. 07810000
rjgeorge@gbkh.com
John R. McConnell
Texas State Bar No. 24053351
jmcconnell@gbkh.com
B. Russell Horton
Texas State Bar No. 10014450
rhorton@gbkh.com
GEORGE, BROTHERS, KINCAID & HORTON L.L.P.
114 West 7th Street, Suite 1100
Austin, Texas 78701
Telephone:  (512) 495-1400
Facsimile: (512) 499-0094

**ATTORNEYS FOR PLAINTIFFS**

## NOTIFICATION TO CLIENT

The undersigned Counsel has previously notified Plaintiffs that GBKH Counsel will be filing its Motion to Withdraw as Counsel, and has forwarded a copy of this Motion via Certified Mail, Return Receipt Requested, and electronic mail at the Plaintiffs' last known address, set forth above, on this _30th_ day of April, 2015. Plaintiffs have been notified in writing of their right to object to the Motion.

/s/ R. James George, Jr.
R. James George, Jr.

## CERTIFICATE OF SERVICE

I certify that on this _11th_ day of ~~April,~~ _May_ 2015 the foregoing document was electronically filed with the Court using E-File Texas which will automatically give electronic notification of filing to all counsel of record and that it was also served via email as indicated below on all counsel of Record:

Stephen E. McConnico
smcconnico@scottdoug.com
Sam Johnson
sjohnson@scottdoug.com
SCOTT, DOUGLAS, & MCCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701-3234

George M. Kryder
gkryder@velaw.com
Matthew W. Moran
mmoran@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975

Jason M. Davis
jdavis@dslawpc.com
Caroline Small
csmal@dslawpc.com
DAVIS AND SANTOS
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX 78205

/s/ R. James George, Jr.
R. James George, Jr.

# Tab B-16





R. JAMES GEORGE, JR.

GEORGE BROTHERS
KINCAID & HORTON LLP

1100 NORWOOD TOWER | 114 WEST 7TH ST | AUSTIN, TX 78701
512.495.1400 | FAX 512.499.0094 | RJGEORGE@GBKH.COM | WWW.GBKH.COM

May 11, 2015

Via CMRRR
No. 9171 9690 0935 0099 5346 05

Atten: Staff Attorneys
Bexar County District Court
100 Dolorosa, Suite 110
San Antonio, Texas 78205

RE:   Cause No. 2014-CI-16776; *Advanced Bio Prosthetic Surfaces, Ltd., ABPS Venture One, Ltd., ABPS Management, LLC, Palmaz Scientific, Inc., and Dr. Julio Palmaz*; In the 225th Judicial District Court of Bexar County, Texas.

Counselors:

Enclosed for presentation to the Presiding Court of Bexar County District Court are the original and one copy of a proposed **Order Granting Motion to Withdraw** which has been executed by counsel for all parties. Also enclosed is a copy of the file-marked **Motion to Withdraw As Counsel** which has been electronically filed.

Also enclosed is a stamped, self-addressed envelope for you in returning to the undersigned a conformed copy of the fully executed and filed Order Granting Motion to Withdraw.

Please call should you have questions or require additional information. Thank you.

Yours sincerely,

George Brothers Kincaid & Horton, L.L.P.

By _____
R. James George, Jr.

RJGjr/fmj
Enclosure

cc:   All Counsel of Record via email.

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2015 MAY 13 P 3 40
BY: _____ DEPUTY

DOCUMENT SCANNED AS FILED

# Tab B-17

2014CI16776 -D225

Cause No. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC | § | IN THE DISTRICT COURT OF |
| SURFACES, LTD.; ABPS VENTURE | § | |
| ONE, LTD.; ABPS MANAGEMENT, LLC; | § | |
| PALMAZ SCIENTIFIC, INC.; | § | |
| and DR. JULIO PALMAZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, | § | |
| L.L.P.;BAKER & BOTTS, L.L.P.; and | § | |
| CECIL SCHENKER | § | |
| Defendants. | § | 225th JUDICIAL DISTRICT |

## ORDER GRANTING MOTION TO WITHDRAW

On this day came to be heard R. James George, Jr., B. Russell Horton, John R. McConnell, and George, Brothers, Kincaid & Horton L.L.P.'s Motion to Withdraw as Counsel for Plaintiffs. Having considered the Motion, the Court is of the opinion that it should be GRANTED.

It is therefore ORDERED, ADJUDGED, AND DECREED that R. James George, Jr., B. Russell Horton, John R. McConnell, and their firm, George, Brothers, Kincaid & Horton L.L.P., be withdrawn as attorney of record for Plaintiffs, in the above-styled and numbered cause.

SIGNED AND ORDERED this ____ day of __MAY 1 3 2015__, 2015.

_____
JUDGE PRESIDING

APPROVED:

_____
R. James George, Jr.
Texas State Bar No. 07810000
GEORGE, BROTHERS, KINCAID & HORTON, L.L.P.

114 West 7th Street, Suite 1100
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094

*Sam Johnson*

Stephen E. McConnico
smcconnico@scottdoug.com
Sam Johnson
sjohnson@scottdoug.com
SCOTT, DOUGLAS, & MCCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701-3234

George M. Kryder
gkryder@velaw.com
Matthew W. Moran
mmoran@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975

Jason M. Davis
jdavis@dslawpc.com
Caroline Small
csmal@dslawpc.com
DAVIS AND SANTOS
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX 78205

Palmaz Scientific, Inc.
c/o Steven B. Solomon, CEO
2828 N. Harwood, Ste. 1700
Dallas, Texas 75201
Via email: ssolomon@palmazscientific.com

*Order on Motion to Withdraw As Counsel*                                    Page 2

114 West 7th Street, Suite 1100
Austin, Texas 78701
Telephone: (512) 495-1400
Facsimile: (512) 499-0094

Stephen E. McConnico
smcconnico@scottdoug.com
Sam Johnson
sjohnson@scottdoug.com
SCOTT, DOUGLAS, & MCCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas 78701-3234

George M. Kryder
gkryder@velaw.com
Matthew W. Moran
mmoran@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975

Jason M. Davis
jdavis@dslawpc.com
Caroline Small
csmal@dslawpc.com
DAVIS AND SANTOS
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX 78205

Palmaz Scientific, Inc.
c/o Steven B. Solomon, CEO
2828 N. Harwood, Ste. 1700
Dallas, Texas 75201
Via email: ssolomon@palmazscientific.com

*Order on Motion to Withdraw As Counsel*                                    Page 2

114 West 7th Street, Suite 1100
Austin, Texas 78701
Telephone:  (512) 495-1400
Facsimile: (512) 499-0094

---

Stephen E. McConnico
smcconnico@scottdoug.com
Sam Johnson
sjohnson@scottdoug.com
SCOTT, DOUGLAS, & MCCONNICO, L.L.P.
303 Colorado Street, Suite 2400
Austin, Texas  78701-3234

---

George M. Kryder
gkryder@velaw.com
Matthew W. Moran
mmoran@velaw.com
VINSON & ELKINS LLP
2001 Ross Avenue, Suite 3700
Dallas, TX 75201-2975

---

Jason M. Davis
jdavis@dslawpc.com
Caroline Small
csmal@dslawpc.com
DAVIS AND SANTOS
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, TX 78205

---

Palmaz Scientific, Inc.
c/o Steven B. Solomon, CEO
2828 N. Harwood, Ste. 1700
Dallas, Texas  75201
Via email: ssolomon@palmazscientific.com

*Order on Motion to Withdraw As Counsel*                          Page 2

# Tab B-18

Cause No. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, | § | IN THE DISTRICT COURT OF |
| LTD.; ABPS VENTURE ONE, LTD.; | § | |
| ABPS MANAGEMENT, LLC; PALMAZ | § | |
| SCIENTIFIC, INC., | § | |
| and DR. JULIO PALMAZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, | § | |
| L.L.P.; BAKER BOTTS, L.L.P.; | § | |
| and CECIL SCHENKER, | § | |
| | § | |
| Defendants. | § | 225th JUDICIAL DISTRICT |

### JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

TO THE HONORABLE COURT:

Plaintiffs Advanced Bio Prosthetic Surfaces, Ltd. ("**ABPS**"); ABPS Venture One, Ltd. ("**Venture One**"), ABPS Management, L.L.C. ("**ABPS Management**"), Palmaz Scientific, Inc., and Dr. Julio Palmaz (collectively "**Plaintiffs**"), and Defendants Akin Gump Strauss Hauer & Feld, L.L.P. ("**Akin Gump**"), Baker Botts, L.L.P. ("**Baker Botts**"), and Cecil Schenker ("**Schenker**") (collectively, "**Defendants**"), hereby file this Joint Motion for Entry of Agreed Protective Order, and in support show the following:

1. Plaintiffs filed their Original Petition on October 23, 2014. All Defendants have filed Original Answers.

2. Plaintiffs and Defendants have agreed to certain terms and conditions with respect to the treatment of certain classified information that may be disclosed during the course of this proceeding.

3. Accordingly, the parties request that the Court enter the Agreed Protective Order,

attached hereto as **Exhibit A**.

Dated: October 2, 2015

Respectfully submitted by:

**DAVIS & SANTOS**
**ATTORNEYS & COUNSELORS, P.C.**

By: _Caroline Small w/ permission_

Jason M. Davis
State Bar No. 00793592
Email: *jdavis@dslawpc.com*
Caroline Newman Small
Email: *csmall@dslawpc.com*
State Bar. No. 24056037
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205
Tel: (210) 853-5882
Fax: (210) 200-8395
*Attorneys for Plaintiffs*

**VINSON & ELKINS, LLP**

By:_____

George M. Kryder
State Bar No. 11742900
E-mail: *gkryder@velaw.com*
Matthew W. Moran
State Bar No. 24002642
E-mail: *mmoran@velaw.com*
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
(T): (214) 220-7700
(F): (214) 220-7700
*Attorneys for Akin Gump & Cecil Schenker*

**BROCK PERSON GUERRA REYNA, P.C.**

By:_____

Ricardo R. Reyna
State Bar No. 16794845
E-mail: *rreyna@bpgrlaw.com*

attached hereto as **Exhibit A**.

Dated: September \_\_\_\_, 2015

Respectfully submitted by:

**DAVIS & SANTOS**
**ATTORNEYS & COUNSELORS, P.C.**

By:_____
Jason M. Davis
State Bar No. 00793592
Email: *jdavis@dslawpc.com*
Caroline Newman Small
Email: *csmall@dslawpc.com*
State Bar. No. 24056037
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205
Tel: (210) 853-5882
Fax: (210) 200-8395
*Attorneys for Plaintiffs*

**VINSON & ELKINS, LLP**

By:_____
George M. Kryder
State Bar No. 11742900
E-mail: *gkryder@velaw.com*
Matthew W. Moran
State Bar No. 24002642
E-mail: *mmoran@velaw.com*
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
(T): (214) 220-7700
(F): (214) 220-7700
*Attorneys for Akin Gump & Cecil*
*Schenker*

**BROCK PERSON GUERRA REYNA, P.C.**

By:_____
Ricardo R. Reyna
State Bar No. 16794845
E-mail: *rreyna@bpgrlaw.com*

attached hereto as **Exhibit A**.

Dated: September _____, 2015

Respectfully submitted by:

**DAVIS & SANTOS
ATTORNEYS & COUNSELORS, P.C.**

By:_____
Jason M. Davis
State Bar No. 00793592
Email: *jdavis@dslawpc.com*
Caroline Newman Small
Email: *csmall@dslawpc.com*
State Bar. No. 24056037
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205
Tel:   (210) 853-5882
Fax:   (210) 200-8395
*Attorneys for Plaintiffs*

**VINSON & ELKINS, LLP**

By:_____
George M. Kryder
State Bar No. 11742900
E-mail: *gkryder@velaw.com*
Matthew W. Moran
State Bar No. 24002642
E-mail: *mmoran@velaw.com*
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
(T): (214) 220-7700
(F): (214) 220-7700
*Attorneys for Akin Gump & Cecil Schenker*

**BROCK PERSON GUERRA REYNA, P.C.**

By: *Ricardo R. Reyna* with Permission
Ricardo R. Reyna               Sam Johnson
State Bar No. 16794845
E-mail: *rreyna@bpgrlaw.com*    S.B.N.
                                10790600

Joshua L. Nicolls
State Bar No. 24086888
E-mail: *jnicholls@bpgrlaw.com*
David E. Irwin
State Bar No. 24091127
E-mail: *dirwin@bpgrlaw.com*
17339 Redland Road
San Antonio, Texas 78247-2304
(T): (210) 979-0100
(F): (210) 979-7810
***Attorneys for Baker Botts***


SCOTT, DOUGLASS & McCONNICO, LLP

By: *Sam Johnson*
Stephen E. McConnico
State Bar No. 13450300
E-mail: *smcconnico@scottdoug.com*
Sam Johnson
State Bar No. 10790600
E-mail: *sjohnson@scottdoug.com*
600 Congress Avenue, Suite 1500
Austin, Texas 78701-3234
(T): (512) 495-6300
(F): (512) 474-0731
***Attorneys for Baker Botts***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the document has been served on the following counsel of record on October 2, 2015:

| | | |
|---|---|---|
| George M. Kryder | _____ | Regular Mail |
| Matthew W. Moran | _____ | Certified Mail, RRR |
| VINSON & ELKINS, LLP | X | Facsimile |
| 2001 Ross Avenue, Suite 3700 | X | E-mail |
| Dallas, Texas 75201-2975 | | |
| *gkryder@velaw.com* | | |
| *mmoran@velaw.com* | | |
| (F): (214) 220-7700 | | |
| ***Attorneys for Akin Gump &*** | | |
| ***Cecil Schenker*** | | |

| | | |
|---|---|---|
| Ricardo R. Reyna | _____ | Regular Mail |
| Joshua L. Nicolls | _____ | Certified Mail, RRR |
| David E. Irwin | X | Facsimile |
| BROCK PERSON GUERRA REYNA, P.C. | X | E-mail |
| 17339 Redland Road | | |
| San Antonio, Texas 78247-2304 | | |
| *rreyna@bpgrlaw.com* | | |
| *jnicholls@bpgrlaw.com* | | |
| *dirwin@bpgrlaw.com* | | |
| (F): (210) 979-7810 | | |
| ***Attorneys for Baker Botts*** | | |

| | | |
|---|---|---|
| Stephen E. McConnico | _____ | Regular Mail |
| Sam Johnson | _____ | Certified Mail, RRR |
| SCOTT, DOUGLASS & McCONNICO, LLP | X | Facsimile |
| 600 Congress Avenue, Suite 1500 | X | E-mail |
| Austin, Texas 78701-3234 | | |
| *smcconnico@scottdoug.com* | | |
| *sjohnson@scottdoug.com* | | |
| (F): (512) 474-0731 | | |
| ***Attorneys for Baker Botts*** | | |

_____ w/ permission
Caroline Newman Small

# Exhibit A

Cause No. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, | § | IN THE DISTRICT COURT OF |
| LTD.; ABPS VENTURE ONE, LTD.; | § | |
| ABPS MANAGEMENT, LLC; PALMAZ | § | |
| SCIENTIFIC, INC., | § | |
| and DR. JULIO PALMAZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, | § | |
| L.L.P.; BAKER BOTTS, L.L.P.; | § | |
| and CECIL SCHENKER, | § | |
| | § | |
| Defendants. | § | 225th JUDICIAL DISTRICT |

## AGREED PROTECTIVE ORDER

The parties to the above-styled matter hereby agree to the following terms and conditions with respect to the treatment of certain classified material (as defined below):

**1.    Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated "Confidential" or "Highly Confidential," including without limitation, documents, deposition testimony, deposition exhibits, hearing or oral testimony, hearing or trial exhibits, and responses to written discovery.

**2.    Persons Qualified to Receive Classified Information**

Persons qualified to receive Classified Information are:

i.      Retained counsel for the parties in this litigation and their respective staff;

ii.     The parties;

iii.    Non-party witnesses who may be asked about Classified Information (*e.g.*, in a deposition, hearing, or trial) but who may not receive copies of any Classified

Information unless they have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney presenting the Classified Information to such person);

iv.     Actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person);

v.     This Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

vi.     Litigation vendors, court reporters, and other third-party litigation support personnel;

vii.     Any other person agreed to in writing by all parties; and

viii.     Any other person as this Court may designate after notice and an opportunity to be heard by all parties.

**3.     Designation Criteria**

a.     *Confidential Information.* "Confidential Information" includes, but is not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

b.      *Highly Confidential Information.* For purposes of this order, "Highly Confidential Information" includes, but is not limited to, product formula information, design information, non-public and competitively sensitive information, non-public and/or proprietary financial information, pricing information, customer identification data, and certain study methodologies. The designation "Highly Confidential" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party, and, if disclosed, would cause risk of competitive or financial harm to a party.

### 4.      Marking of Documents

Documents and other information in this litigation may be designated as "Confidential" or "Highly Confidential" (1) by designating in writing the documents (*e.g.,* by description or bates range) to be treated as "Confidential" or "Highly Confidential" or (2) by any party marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Highly Confidential."   In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided.   Originals shall be preserved for inspection.

### 5.      Designation at Depositions

Information disclosed at a deposition may be designated by any party as "Confidential" or "Highly Confidential" by indicating on the record at the deposition that the testimony and/or exhibit is "Confidential" or "Highly Confidential" and is subject to the provisions of this Protective Order.

6.     **Unintentional Disclosures**

Documents unintentionally produced without designation may be subsequently designated as "Confidential" or "Highly Confidential" and shall be treated as such from the date written notice of the designation is provided to the receiving party.

7.     **Use of Classified Information**

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof, including filing such material under seal (including any appeals) when necessary as provided by this Protective Order.

8.     **Filing Under Seal**

The parties shall take all steps necessary, to the extent permitted by, and in accordance with, the Texas Rules of Civil Procedure and any sealing order in the case, to file under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers that have been designated, in whole or in part, as Highly Confidential by any party to this litigation.

9.     **Consent to Disclosure and Use in Examination**

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Protective Order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an

author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 10. Manner of Use in Pre-Trial Proceedings

In the event a party wishes to use any Highly Confidential Information in motions, affidavits, declarations, briefs, memoranda of law, other papers filed in this litigation, or at trial, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (*e.g.*, in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court to the extent permitted by, and in accordance with, any sealing order in the case and/or the sealing requirements of the court.

### 11. Manner of Use in Trial

In the event that a party wishes to use any Highly Confidential Information at trial, the party desiring to use such information shall inform the other parties reasonably in advance of trial so that the party which designated the information as "Highly Confidential" may file a motion with the court prior to trial to seal those portions of the trial record, and the information itself, consistent with any sealing order in the case and/or the sealing requirements of the court.

### 12. Challenging the Designation

A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke

this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to timely move for an order shall constitute a termination of the status of such item as Classified Information.

### 13.    Return of Documents

Not later than 60 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information, to the extent requested in writing by the producing party, shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing and was not otherwise sealed. Notwithstanding this obligation to return or destroy information, counsel may retain copies of filed documents (including any non-redacted attachments or documents filed under seal) and attorney work product, including document indices.

### 14.    Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 15. Privileges Reserved

Notwithstanding any of the provisions of this order, the parties reserve their right to assert any and all applicable privileges, including the attorney-client and work-product privileges.

### 16. Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order. Specifically, and in the event a party has documents that they, in good faith, believe should not be viewed by any person or category of persons identified in Paragraph 2, the parties agree to work in good faith to address such concerns and, if necessary, modify this Protective Order by stipulation.


SIGNED and ENTERED on this _____ day of _____, 2015.


_____
Presiding District Court Judge



AGREED TO AND ENTRY REQUESTED BY:

**DAVIS & SANTOS**
**ATTORNEYS & COUNSELORS, P.C.**

By: _Caroline Small w/ permission_
                                                    _Sarah Santos_
Jason M. Davis
State Bar No. 00793592
Email: _jdavis@dslawpc.com_
Caroline Newman Small
Email: _csmall@dslawpc.com_
State Bar. No. 24056037
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205

Tel:    (210) 853-5882
Fax:   (210) 200-8395
***Attorneys for Plaintiffs***


**VINSON & ELKINS, LLP**

By: *[signature]*
George M. Kryder
State Bar No. 11742900
E-mail: *gkryder@velaw.com*
Matthew W. Moran
State Bar No. 24002642
E-mail: *mmoran@velaw.com*
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
(T): (214) 220-7700
(F): (214) 220-7700
***Attorneys for Akin Gump & Cecil Schenker***

**BROCK PERSON GUERRA REYNA, P.C.**

By:_____
Ricardo R. Reyna
State Bar No. 16794845
E-mail: *rreyna@bpgrlaw.com*
Joshua L. Nicolls
State Bar No. 24086888
E-mail: *jnicholls@bpgrlaw.com*
David E. Irwin
State Bar No. 24091127
E-mail: *dirwin@bpgrlaw.com*
17339 Redland Road
San Antonio, Texas 78247-2304
(T): (210) 979-0100
(F): (210) 979-7810
***Attorneys for Baker Botts***

Tel:  (210) 853-5882
Fax:  (210) 200-8395
**Attorneys for Plaintiffs**


**VINSON & ELKINS, LLP**

By:_____
George M. Kryder
State Bar No. 11742900
E-mail: *gkryder@velaw.com*
Matthew W. Moran
State Bar No. 24002642
E-mail: *mmoran@velaw.com*
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
(T): (214) 220-7700
(F): (214) 220-7700
**Attorneys for Akin Gump & Cecil Schenker**

**BROCK PERSON GUERRA REYNA, P.C.**

By: *Ricardo R. Reyna* by permission
Ricardo R. Reyna
State Bar No. 16794845
E-mail: *rreyna@bpgrlaw.com*
Joshua L. Nicolls
State Bar No. 24086888
E-mail: *jnicholls@bpgrlaw.com*
David E. Irwin
State Bar No. 24091127
E-mail: *dirwin@bpgrlaw.com*
17339 Redland Road
San Antonio, Texas 78247-2304
(T): (210) 979-0100
(F): (210) 979-7810
**Attorneys for Baker Botts**

Sam Johnson
S.B.N. 10790600

SCOTT, DOUGLASS & MCCONNICO, LLP

By: _Sam Johnson_

Stephen E. McConnico
State Bar No. 13450300
E-mail: _smcconnico@scottdoug.com_
Sam Johnson
State Bar No. 10790600
E-mail: _sjohnson@scottdoug.com_
600 Congress Avenue, Suite 1500
Austin, Texas 78701-3234
(T): (512) 495-6300
(F): (512) 474-0731
**Attorneys for Baker Botts**

# Tab B-19

2014CI16776 -D225

Cause No. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, | § | IN THE DISTRICT COURT OF |
| LTD.; ABPS VENTURE ONE, LTD.; | § | |
| ABPS MANAGEMENT, LLC; PALMAZ | § | |
| SCIENTIFIC, INC., | § | |
| and DR. JULIO PALMAZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, | § | |
| L.L.P.; BAKER BOTTS, L.L.P.; | § | |
| and CECIL SCHENKER, | § | |
| | § | |
| Defendants. | § | 225th JUDICIAL DISTRICT |

## AGREED PROTECTIVE ORDER

The parties to the above-styled matter hereby agree to the following terms and conditions with respect to the treatment of certain classified material (as defined below):

**1.    Classified Information**

"Classified Information" means any information of any type, kind, or character that is designated "Confidential" or "Highly Confidential," including without limitation, documents, deposition testimony, deposition exhibits, hearing or oral testimony, hearing or trial exhibits, and responses to written discovery.

**2.    Persons Qualified to Receive Classified Information**

Persons qualified to receive Classified Information are:

i.    Retained counsel for the parties in this litigation and their respective staff;

ii.    The parties;

iii.    Non-party witnesses who may be asked about Classified Information (*e.g.*, in a deposition, hearing, or trial) but who may not receive copies of any Classified

Information unless they have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney presenting the Classified Information to such person);

iv. Actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation who, prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order (such signed document to be maintained by the attorney retaining such person);

v. This Court and its staff and any other tribunal or dispute resolution officer duly appointed or assigned in connection with this litigation;

vi. Litigation vendors, court reporters, and other third-party litigation support personnel;

vii. Any other person agreed to in writing by all parties; and

viii. Any other person as this Court may designate after notice and an opportunity to be heard by all parties.

**3.    Designation Criteria**

a. *Confidential Information.* "Confidential Information" includes, but is not limited to, trade secrets, confidential or proprietary financial information, operational data, business plans, and competitive analyses, personnel files, personal information that is protected by law, and other sensitive information that, if not restricted as set forth in this Protective Order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties.

b.    *Highly Confidential Information.* For purposes of this order, "Highly Confidential Information" includes, but is not limited to, product formula information, design information, non-public and competitively sensitive information, non-public and/or proprietary financial information, pricing information, customer identification data, and certain study methodologies. The designation "Highly Confidential" shall be reserved for information that is believed to be unknown to the opposing party or parties, or any of the employees of a corporate party, and, if disclosed, would cause risk of competitive or financial harm to a party.

### 4.    Marking of Documents

Documents and other information in this litigation may be designated as "Confidential" or "Highly Confidential" (1) by designating in writing the documents (*e.g.,* by description or bates range) to be treated as "Confidential" or "Highly Confidential" or (2) by any party marking each page of the documents so designated with a stamp indicating that the information is "Confidential" or "Highly Confidential." In lieu of marking the original of a document, if the original is not provided, the designating party may mark the copies that are provided. Originals shall be preserved for inspection.

### 5.    Designation at Depositions

Information disclosed at a deposition may be designated by any party as "Confidential" or "Highly Confidential" by indicating on the record at the deposition that the testimony and/or exhibit is "Confidential" or "Highly Confidential" and is subject to the provisions of this Protective Order.

### 6. Unintentional Disclosures

Documents unintentionally produced without designation may be subsequently designated as "Confidential" or "Highly Confidential" and shall be treated as such from the date written notice of the designation is provided to the receiving party.

### 7. Use of Classified Information

All Classified Information provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof, including filing such material under seal (including any appeals) when necessary as provided by this Protective Order.

### 8. Filing Under Seal

The parties shall take all steps necessary, to the extent permitted by, and in accordance with, the Texas Rules of Civil Procedure and any sealing order in the case, to file under seal all documents, transcripts of deposition testimony, answers to interrogatories, admissions, and other papers that have been designated, in whole or in part, as Highly Confidential by any party to this litigation.

### 9. Consent to Disclosure and Use in Examination

Nothing in this order shall prevent disclosure beyond the terms of this order if each party designating the information as Classified Information consents to such disclosure or if the court, after notice to all affected parties and nonparties, orders such disclosure. Nor shall anything in this Protective Order prevent any counsel of record from utilizing Classified Information in the examination or cross-examination of any person who is indicated on the document as being an

author, source, or recipient of the Classified Information, irrespective of which party produced such information.

### 10. Manner of Use in Pre-Trial Proceedings

In the event a party wishes to use any Highly Confidential Information in motions, affidavits, declarations, briefs, memoranda of law, other papers filed in this litigation, or at trial, the party shall do one of the following: (1) with the consent of the producing party, file only a redacted copy of the information; (2) where appropriate (*e.g.*, in connection with discovery and evidentiary motions) provide the information solely for *in camera* review; or (3) file such information under seal with the court to the extent permitted by, and in accordance with, any sealing order in the case and/or the sealing requirements of the court.

### 11. Manner of Use in Trial

In the event that a party wishes to use any Highly Confidential Information at trial, the party desiring to use such information shall inform the other parties reasonably in advance of trial so that the party which designated the information as "Highly Confidential" may file a motion with the court prior to trial to seal those portions of the trial record, and the information itself, consistent with any sealing order in the case and/or the sealing requirements of the court.

### 12. Challenging the Designation

A party shall not be obligated to challenge the propriety of a designation of Classified Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Classified Information, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke

11/09/2015 VOL 446 PG 1746

this Protective Order by objecting in writing to the party who designated the document or information as Classified Information. The designating party shall then have 14 days to move the court for an order preserving the designated status of the disputed information. The disputed information shall remain Classified Information unless and until the court orders otherwise. Failure to timely move for an order shall constitute a termination of the status of such item as Classified Information.

### 13. Return of Documents

Not later than 60 days after conclusion of this litigation and any appeal related to it, any Classified Information, all reproductions of such information, and any notes, summaries, or descriptions of such information, to the extent requested in writing by the producing party, shall be returned to the producing party or destroyed, except as this court may otherwise order or to the extent such information has been used as evidence at any trial or hearing and was not otherwise sealed. Notwithstanding this obligation to return or destroy information, counsel may retain copies of filed documents (including any non-redacted attachments or documents filed under seal) and attorney work product, including document indices.

### 14. Ongoing Obligations

Insofar as the provisions of this Protective Order, or any other protective orders entered in this litigation, restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the court with respect to dissolution or modification of this, or any other, protective order.

### 15. Privileges Reserved

Notwithstanding any of the provisions of this order, the parties reserve their right to assert any and all applicable privileges, including the attorney-client and work-product privileges.

### 16. Modification and Exceptions

The parties may, by stipulation, provide for exceptions to this order and any party may seek an order of this court modifying this Protective Order. Specifically, and in the event a party has documents that they, in good faith, believe should not be viewed by any person or category of persons identified in Paragraph 2, the parties agree to work in good faith to address such concerns and, if necessary, modify this Protective Order by stipulation.

NOV - 6 2015

SIGNED and ENTERED on this _____ day of _____, 2015.

_____
Presiding District Court Judge

AGREED TO AND ENTRY REQUESTED BY:

**DAVIS & SANTOS**
**ATTORNEYS & COUNSELORS, P.C.**

By: _____ w/ permission
Jason M. Davis
State Bar No. 00793592
Email: *jdavis@dslawpc.com*
Caroline Newman Small
Email: *csmall@dslawpc.com*
State Bar. No. 24056037
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205

Tel:   (210) 853-5882
Fax:   (210) 200-8395
*Attorneys for Plaintiffs*


VINSON & ELKINS, LLP

By: _____
George M. Kryder
State Bar No. 11742900
E-mail: *gkryder@velaw.com*
Matthew W. Moran
State Bar No. 24002642
E-mail: *mmoran@velaw.com*
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
(T): (214) 220-7700
(F): (214) 220-7700
*Attorneys for Akin Gump & Cecil Schenker*

BROCK PERSON GUERRA REYNA, P.C.

By: _____
Ricardo R. Reyna
State Bar No. 16794845
E-mail: *rreyna@bpgrlaw.com*
Joshua L. Nicolls
State Bar No. 24086888
E-mail: *jnicholls@bpgrlaw.com*
David E. Irwin
State Bar No. 24091127
E-mail: *dirwin@bpgrlaw.com*
17339 Redland Road
San Antonio, Texas 78247-2304
(T): (210) 979-0100
(F): (210) 979-7810
*Attorneys for Baker Botts*

Tel: (210) 853-5882
Fax: (210) 200-8395
*Attorneys for Plaintiffs*

VINSON & ELKINS, LLP

By:_____
George M. Kryder
State Bar No. 11742900
E-mail: *gkryder@velaw.com*
Matthew W. Moran
State Bar No. 24002642
E-mail: *mmoran@velaw.com*
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
(T): (214) 220-7700
(F): (214) 220-7700
*Attorneys for Akin Gump & Cecil Schenker*

BROCK PERSON GUERRA REYNA, P.C.

By: *Ricardo R. Reyna* by permission
Ricardo R. Reyna    Sam Johnson
State Bar No. 16794845    S.B.N. 10790600
E-mail: *rreyna@bpgrlaw.com*
Joshua L. Nicolls
State Bar No. 24086888
E-mail: *jnicholls@bpgrlaw.com*
David E. Irwin
State Bar No. 24091127
E-mail: *dirwin@bpgrlaw.com*
17339 Redland Road
San Antonio, Texas 78247-2304
(T): (210) 979-0100
(F): (210) 979-7810
*Attorneys for Baker Botts*

11/09/2015 VOL 4463 PG 1750

SCOTT, DOUGLASS & MCCONNICO, LLP

By: *Sam Johnson*

Stephen E. McConnico
State Bar No. 13450300
E-mail: *smcconnico@scottdoug.com*
Sam Johnson
State Bar No. 10790600
E-mail: *sjohnson@scottdoug.com*
600 Congress Avenue, Suite 1500
Austin, Texas 78701-3234
(T): (512) 495-6300
(F): (512) 474-0731
*Attorneys for Baker Botts*

# Tab B-20

FILED
3/7/2016 10:16:05 024-cag  Doc#1  Filed 04/04/16  Entered 04/04/16 17:05:27  Main Document  Pg 121 of
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales
129

Cause No. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, | § | IN THE DISTRICT COURT OF |
| LTD.; ABPS VENTURE ONE, LTD.; | § | |
| ABPS MANAGEMENT, LLC; PALMAZ | § | |
| SCIENTIFIC, INC., | § | |
| and DR. JULIO PALMAZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| AKIN GUMP STRAUSS HAUER & FELD, | § | |
| L.L.P.; BAKER BOTTS, L.L.P.; | § | |
| and CECIL SCHENKER, | § | |
| | § | |
| Defendants. | § | 225th JUDICIAL DISTRICT |

## MOTION TO SUBSTITUTE COUNSEL

TO THE HONORABLE COURT:

Pursuant to TEX. R. CIV. P. 10, Advanced Bio Prosthetic Surfaces, Ltd., ABPS Management, LLC, ABPS Venture One, Ltd., and Palmaz Scientific, Inc. ("**Movants**") file this Motion to Substitute Counsel, and would respectfully show:

1.　Movants' current attorneys of record are Jason Davis and Caroline Newman Small with the firm DAVIS & SANTOS, P.C. Movants respectfully move this Court to allow Andy Taylor and Amanda Peterson, with the law firm ANDY TAYLOR & ASSOCIATES, P.C., to be substituted in as attorneys of record for Movants, and to allow Jason Davis and Caroline Newman Small to withdraw as counsel for Movants.

2.　For purposes of notice going forward, Movants' new attorneys of record are:

Andy Taylor
State Bar No. 19727600
E-mail: *ataylor@andytaylorlaw.com*
Amanda Peterson
State Bar No. 24032953
E-mail: *apeterson@andytaylorlaw.com*

ANDY TAYLOR & ASSOCIATES, P.C.
2668 Highway 36S, #288
Brenham, Texas 77833
713-222-1817 (telephone)
713-222-1855 (facsimile)

3.    All Defendants acquiesce to this substitution.

4.    Plaintiff Dr. Julio Palmaz's attorneys of record will remain Jason Davis and Caroline

Newman Small of DAVIS & SANTOS, P.C.

5.    This substitution is not sought for delay only, but so that justice may be done.

6.    A proposed order is being submitted herewith.

DATED: March 4, 2016

Respectfully submitted by:

DAVIS & SANTOS, P.C.

By: _____
Jason M. Davis
State Bar No. 00793592
Email: *jdavis@dslawpc.com*
Caroline Newman Small
Email: *csmall@dslawpc.com*
State Bar. No. 24056037
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205
Tel:    (210) 853-5882
Fax:    (210) 200-8395
***Attorneys for Dr. Julio Palmaz***

ANDY TAYLOR & ASSOCIATES, P.C.

By: _____ (by
Andy Taylor                           permission)
State Bar No. 19727600

E-mail: *ataylor@andytaylorlaw.com*
Amanda Peterson
State Bar No. 24032953
E-mail: *apeterson@andytaylorlaw.com*
2668 Highway 36S, #288
Brenham, Texas 77833
713-222-1817 (telephone)
713-222-1856 (facsimile)
*Attorneys for Advanced Bio Prosthetic Surfaces, Ltd., ABPS Management, LLC, ABPS Venture One, Ltd., and Palmaz Scientific, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the document has been served on the following counsel of record on March 4, 2016:

George M. Kryder
Matthew W. Moran
VINSON & ELKINS, LLP
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
*gkryder@velaw.com*
*mmoran@velaw.com*
(F): (214) 220-7700
*Attorneys for Akin Gump &*
*Cecil Schenker*

      Regular Mail
      Certified Mail, RRR
__X__ Facsimile
__X__ E-mail

Ricardo R. Reyna
Joshua L. Nicolls
David E. Irwin
BROCK PERSON GUERRA REYNA, P.C.
17339 Redland Road
San Antonio, Texas 78247-2304
*rreyna@bpgrlaw.com*
*jnicholls@bpgrlaw.com*
*dirwin@bpgrlaw.com*
(F): (210) 979-7810
*Attorneys for Baker Botts*

      Regular Mail
      Certified Mail, RRR
__X__ Facsimile
__X__ E-mail

Stephen E. McConnico
Sam Johnson
SCOTT, DOUGLASS & MCCONNICO, LLP
600 Congress Avenue, Suite 1500
Austin, Texas 78701-3234
*smcconnico@scottdoug.com*
*sjohnson@scottdoug.com*
(F): (512) 474-0731
*Attorneys for Baker Botts*

      Regular Mail
      Certified Mail, RRR
__X__ Facsimile
__X__ E-mail

_____
Caroline Newman Small

# Tab B-21

FILED
3/9/2016 2:51:05 PM 16-50024-cag  Doc#1  Filed 04/04/16  Entered 04/04/16 17:05:27  Main Document  Pg 126 of
129
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Monica Sanchez

Cause No. 2014-CI-16776

| | | |
|---|---|---|
| ADVANCED BIO PROSTHETIC SURFACES, § | | IN THE DISTRICT COURT OF |
| LTD.; ABPS VENTURE ONE, LTD.; § | | |
| ABPS MANAGEMENT, LLC; PALMAZ § | | |
| SCIENTIFIC, INC., § | | |
| and DR. JULIO PALMAZ, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| V. § | | BEXAR COUNTY, TEXAS |
| § | | |
| AKIN GUMP STRAUSS HAUER & FELD, § | | |
| L.L.P.; BAKER BOTTS, L.L.P.; § | | |
| and CECIL SCHENKER, § | | |
| § | | |
| Defendants. § | | 225th JUDICIAL DISTRICT |

## <u>SUGGESTION OF BANKRUPTCY</u>

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE that on March 4, 2016, Palmaz Scientific, Inc., Advanced Bio

Prosthetic Surfaced, Ltd., ABPS Management, LLC, and ABPS Venture One, Ltd. (collectively,

"**Debtors**"), filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States

Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Western District of

Texas (the "**Bankruptcy Court**").  The Debtors' Chapter 11 cases are being jointly administered

as Case No. 16-50552-cag before the Honorable Craig A. Gargotta.

PLEASE TAKE FURTHER NOTICE that pursuant to section 362(a) of the Bankruptcy

Code, the Debtors' commencing Chapter 11 cases operates as a stay, applicable to all entities, of,

among other things:  (a) the commencement or continuation of a judicial, administrative, or other

action or proceeding against the Debtors (i) that was or could have been commenced before the

commencement of the Debtors' case or (ii) to recover a claim against the Debtors that arose before

the commencement of the Debtors' case; (b) the enforcement, against the Debtors or against any

property of the Debtors' bankruptcy estate, of a judgment obtained before the commencement of the Debtors' case; or (c) any act to obtain possession of property of or from the Debtors' bankruptcy estate, or to exercise control over property of the Debtors' bankruptcy estates.[1] No order has been entered in the bankruptcy case granting relief from the automatic stay.

DATED: March 9, 2016

Respectfully submitted by:

**DAVIS & SANTOS, P.C.**

By: _____

Jason M. Davis
State Bar No. 00793592
Email: *jdavis@dslawpc.com*
Caroline Newman Small
Email: *csmall@dslawpc.com*
State Bar. No. 24056037
The Weston Centre
112 E. Pecan Street, Suite 900
San Antonio, Texas 78205
Tel:   (210) 853-5882
Fax:   (210) 200-8395
***Attorneys for Dr. Julio Palmaz***

---

[1] Nothing herein shall constitute a waiver of the right to assert any claims, counterclaims, defenses, rights of setoff or recoupment, or any other claims of the Debtors against any party to the above-captioned case. The Debtors expressly reserve the right to contest any claims that may be asserted against the Debtors.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the document has been served on the following counsel of record on March 9, 2016:

| | | |
|---|---|---|
| Mr. George M. Kryder | _____ | Regular Mail |
| Mr. Matthew W. Moran | _____ | Certified Mail, RRR |
| VINSON & ELKINS, LLP | X | Facsimile |
| 2001 Ross Avenue, Suite 3700 | X | E-mail |
| Dallas, Texas 75201-2975 | | |
| *gkryder@velaw.com* | | |
| *mmoran@velaw.com* | | |
| (F): (214) 220-7700 | | |
| **Attorneys for Akin Gump &** | | |
| **Cecil Schenker** | | |

| | | |
|---|---|---|
| Mr. Ricardo R. Reyna | _____ | Regular Mail |
| Mr. Joshua L. Nicolls | _____ | Certified Mail, RRR |
| Mr. David E. Irwin | X | Facsimile |
| BROCK PERSON GUERRA REYNA, P.C. | X | E-mail |
| 17339 Redland Road | | |
| San Antonio, Texas 78247-2304 | | |
| *rreyna@bpgrlaw.com* | | |
| *jnicholls@bpgrlaw.com* | | |
| *dirwin@bpgrlaw.com* | | |
| (F): (210) 979-7810 | | |
| **Attorneys for Baker Botts** | | |

| | | |
|---|---|---|
| Mr. Stephen E. McConnico | _____ | Regular Mail |
| Mr. Sam Johnson | _____ | Certified Mail, RRR |
| SCOTT, DOUGLASS & MCCONNICO, LLP | X | Facsimile |
| 600 Congress Avenue, Suite 1500 | X | E-mail |
| Austin, Texas 78701-3234 | | |
| *smcconnico@scottdoug.com* | | |
| *sjohnson@scottdoug.com* | | |
| (F): (512) 474-0731 | | |
| **Attorneys for Baker Botts** | | |

Mr. Andy Taylor                     _____    Regular Mail
Ms. Amanda Peterson              _____    Certified Mail, RRR
ANDY TAYLOR & ASSOCIATES, PC    __X__    Facsimile
2668 Highway 36S, #288              __X__    E-mail
Brenham, Texas 77833
*ataylor@andytaylorlaw.com*
*apeterson@andytaylorlaw.com*
F: (713) 222-1855
***Attorneys for Palmaz Scientific, Inc.***

Caroline Newman Small